STATE of Missouri, ex rel., Ann Elizabeth LIGHT, a/k/a Ann Elizabeth Dodds, Relator,

v.

Honorable Mary W. SHEFFIELD, Judge of the 25th Judicial Circuit of Missouri, Respondent.

No. 15963.

Missouri Court of Appeals, Southern District, Division One.

March 9, 1989.

Motion for Rehearing or to Transfer to Supreme Court Denied March 30, 1989.

Application to Transfer Denied May 16, 1989.

Charles D. Moreland, Rolla, for relator.

John D. Wiggins, Rolla, for respondent.

Before HOLSTEIN, C.J., CROW, P.J., and GREENE, J.

GREENE, Judge.

Relator, Ann Elizabeth Light, a/k/a Ann Elizabeth Dodds, seeks a writ of prohibition from this court commanding respondent, Honorable Mary W. Sheffield, Associate Judge of the 25th Judicial Circuit of Missouri, to cease probation revocation proceedings, and to discharge Light from probation the judge had granted in a Phelps County case in which Light had entered pleas of guilty to criminal charges of pos-

sessing marijuana and cocaine. Based on the allegations of Light's petition, we issued a preliminary order in prohibition directing respondent to take no further action in the case until further order of this court. After full review, we have determined that the preliminary writ was improvidently issued, and order it quashed.

The facts are as follows. On May 10, 1984, Light entered pleas of guilty to felony charges of possession of marijuana and cocaine. Following the receipt of a presentence investigation, respondent, on June 13, 1984, suspended imposition of sentence on the charges, and placed Light on supervised probation for a term of three years, subject to certain written conditions, such as not associating with known felons. On September 2, 1986, respondent, after reviewing several violation reports stating that Light was not obeying conditions of her probation, revoked the probation granted on June 13, 1984, and sentenced her to five years' imprisonment on the marijuana charge and three years' imprisonment on the cocaine charge with the sentences to run concurrently. Respondent stayed the execution of the sentences, and again placed Light on probation for a period of one year subject to the same type of conditions that were specified for the first probation. On April 22, 1987, following the filing of another violation report, respondent found that Light had violated the terms of her probation but, instead of revoking probation and ordering Light to serve her sentences, again stayed execution of the sentences and ordered that Light be placed on probation for a term of two years under supervised conditions. On July 11, 1988, another parole violation report was filed, following which respondent ordered Light to show cause why her probation should not be revoked and execution of the sentences ordered.

Light's attorney then filed a motion to quash the show cause order, which motion contended that Light was coerced into waiving her right to a preliminary probation hearing and, that absent a voluntary waiver of such right, respondent had no jurisdiction to proceed with a revocation hearing. It also alleged that Light's proba-

tionary period expired by law on April 22, 1987, and that respondent had no jurisdiction to continue Light on probation after that time. Respondent overruled the motion to quash, holding that her jurisdiction to terminate Light's probation did not end on April 22, 1987, and that Light's waiver of her right to a probation revocation preliminary hearing was not coerced. Respondent announced her intention to schedule a hearing to determine whether Light's probation should be revoked. The petition for a writ of prohibition followed.

In her brief in support of the contentions raised in her petition for the writ, Light first argues that a sentencing court may not extend a period of probation more than once, citing § 559.036.2, RSMo 1986, and that respondent's order of April 22, 1986 amounted to a second extension of probation which the judge was not empowered to grant by reason of the statutory limitation. Light's position on this issue is as follows:

Petitioner's probation and Respondant's [sic] jurisdiction to revoke said probation ended on April 22, 1987 when Respondant [sic] Judge Sheffield revoked and reinstated Ms. Light's probation and thereby illegally extended Ms. Light's probation a second time in violation of Section 559.036.2 RSMo.1986. (Relator's Exhibit A). The three year period of probation first imposed on June 13, 1984 was scheduled to end on June 12, 1987. Respondant [sic] Judge Sheffield ordered the one authorized extension of probation on September 2, 1986 ordering the period of probation to end on September 2, 1987. When Petitioner admitted on April 22, 1987 that she had violated her probation (Exhibit A, p. 5), Respondant [sic] Court's available options were limited by statute. Under such situation, Section 559.036.3 limits a Court to (1) continue the probationer on existing conditions, with or without modifying or enlarging the conditions or extending the term, or (2) if such continuation, modification, enlargement or extension is not appropriate revoke probation and order that any sentence previously imposed be executed. In the case at bar, continuation and modi-

fication of probation may have been appropriate, but the ordered extension was not appropriate because of the express language of Section 559.036.

There are arguably two interpretations of the sentencing court's April 22, 1987 docket entry. The most literal interpretation is that the Respondant [sic] Court did not merely continue and modify the probation, but actually terminated the one year probation period ordered on September 2, 1986 (Exhibit A, p. 3) before reinstating Ms. Light's probation for two additional years (Exhibit A, p. 5). Under this interpretation, the Respondant [sic] Court's jurisdiction ended with the April 22, 1987 termination of probation, *State v. Bachman*, 675 S.W.2d 41, 47–48 (Mo.App.1984) since the Court was barred from further extending the probation under Section 559.036.2. .

A more liberal interpretation of the April 22, 1987 docket entry may indicate that Respondant [sic] Court did not terminate the one year probationary term that was imposed on September 2, 1986 but added a two year extension. Under such interpretation, Relator's probation nonetheless ended on September 2, 1987 since Section 559.036.2 prohibited an extension beyond the second extended date and an extension without jurisdiction is a nullity as is any Court action without jurisdiction. *See, State v. Brooks*, 507 S.W.2d 375 (Mo.1974). Under such interpretation, the Honorable Judge Sheffield is still without jurisdiction to revoke Ms. Light's probation since the current alleged violation occurred [sic] after the fixed period of probation had ended (whether it be April or September of 1987) and formal revocation proceedings on the current alleged violation were not initiated prior to September 2, 1987. *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710, 714 (Mo. Banc 1977).

The problem with this argument is the premise that respondent's order of September 2, 1986 amounted to an *extension* of the three-year probationary period granted

in respondent's order of June 13, 1984. It was not.

■ At the time Light entered her pleas of guilty to the drug charges, several sentencing alternatives were available to the trial court. It could have sentenced Light to a term of imprisonment as authorized by Chapter 558, RSMo, or pronounced sentence and suspended its execution, placing Light on probation, or, as the trial court did, suspend imposition of the sentence, with or without placing Light on probation. § 557.011.2, RSMo 1978. The trial court, evidently in hopes that Light would mend her ways, suspended imposition of sentence and placed her on supervised probation for a term of three years, in which case, if Light successfully completed her probation, she would not have a criminal conviction on her record. *State ex rel. Peach v. Tillman*, 615 S.W.2d 514, 518 (Mo.App.1981). Suspension of imposition of sentence is an entirely different matter from imposing sentence and then suspending execution of it. In the first instance, the person has no criminal conviction, in the second, he does. *State v. Bachman*, 675 S.W.2d 41, 45–46 (Mo.App.1984). Bearing this legal principle in mind, we return to the facts of the case.

Light admittedly violated the conditions of her probation granted June 13, 1984. Respondent, evidently feeling that a more stern approach was required, but desiring to provide Light with another chance, revoked her probation on September 2, 1986, sentenced her to concurrent terms on the drug charges, but suspended execution of the sentences and placed her on a new probationary period of one year.

■ The statute governing duration and revocation of probation permitted such disposition. § 559.036.3. Respondent's action in revoking the prior probation, assessing sentence but suspending its execution and placing Light on a new period of probation, did not amount to an *extension* of the original probation, but amounted to a new, or second probation, that was authorized by law. Under the terms of § 559.036.3,[1] respondent had authority to extend the terms of this second probation one time,

---

1. "If the defendant violates a condition of probation at any time prior to the expiration or

termination of the probation term, the court may continue him on the existing conditions,

which respondent did on April 22, 1987, *see State ex rel. Carlton v. Haynes,* 552 S.W. 2d 710 (Mo. banc 1977), as long as the total time that Light was to be on probation did not exceed five years. § 559.036.2.

Since Light was initially placed on probation on June 13, 1984, the five-year period had not lapsed on July 12, 1988 when respondent issued her order for Light to show cause why her probation should not be revoked and she be ordered to serve her sentences. Respondent had not lost jurisdiction to continue Light on probation when, on April 22, 1987, she continued Light's probation for an additional two years.

 In her remaining point relied on, Light contends respondent had no jurisdiction to conduct a probation revocation hearing for the reason that she was not accorded a preliminary revocation hearing to determine if there was probable cause to believe that she had violated a condition of her probation. Such hearing is mandated by § 559.036.7 unless waived. In a stipulation filed as part of the record, Light admits that she waived her right to a probation revocation hearing, but contends that she was coerced into signing the waiver because of a statement by her probation officer that she would not be eligible for bail until the preliminary hearing had been held or waived, and that if the hearing was not waived, it would be held within 10 working days. Light contends her fear of being jailed for another 10 days without the possibility of bail coerced her into signing the waiver. The allegation does not prove itself.

The record shows that a warrant for Light's arrest on probation violation charges was issued on July 15, 1988, and that she was arrested and booked into the Phelps County jail on the same date. Bond was set at $500, and Light signed a written waiver of her right to a preliminary hearing all on the same day. On August 8, 1988, following a hearing on Light's motion

to quash the show cause order, warrant and parole revocation proceedings, the respondent made the following entry in the case record:

State appears by Phelps County Prosecuting Attorney John D. Wiggins. Defendant appears with her counsel, Charles D. Moreland, Assistnt [sic] Public Defender. Court hears evidence on Defendant's Motion and Incorporated Suggestions to Quash Show Cause Order, Warrant and Parole Revocation Proceedings and Discharge Defendant. Court over-rules [sic] Defendant's Motion and finds as follows: (1) Court's jurisdiction to terminate Defendant's probation did not end on 4/22/87; and (2) Defendant's waiver of her right to a probation revocation preliminary hearing was voluntary and not coerced. Court announces intent to schedule a probation revocation hearing on September 8, 1988 unless prohibited by a higher court. Court Clerk is ordered to prepare a transcript of proceedings and hearing on Defendant's Motion without costs to defendant.

It was Light's duty to produce evidence at this hearing to support her allegation that her waiver was coerced. Since the transcript of that hearing was not filed here, we have no idea what evidence on the issue, if any, was introduced by Light to support her position, and what credence, if any, the respondent gave to any such evidence. It was Light's duty to file the record here to support her position. Since she has not done so, she has not preserved the point for appellate review.

The preliminary order of prohibition issued by this court on October 7, 1988, is ordered quashed, and the petition for a writ of prohibition is ordered dismissed.

---

with or without modifying or enlarging the conditions, or, if such continuation, modification, or enlargement is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under section 557.011, RSMo. The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation."