**STATE of Missouri ex rel. Derek E. CONNETT, Relator,**

v.

**The Honorable Mary A. DICKERSON, Judge, Twenty-sixth Judicial Circuit, Division II, State of Missouri, Respondent.**

No. 17912.

Missouri Court of Appeals,
Southern District,
Division Two.

July 6, 1992.

472

Ralph W. Muxlow II, Richland, for relator.

Greg Kays, Pros. Atty., Lebanon, for respondent.

### ORIGINAL PROCEEDING IN PROHIBITION

MAUS, Judge.

By his *petition*, relator, Derek E. Connett, seeks to prohibit respondent, Judge Mary A. Dickerson, from revoking his probation. He also prays for an order directing respondent to dismiss revocation proceedings pending against him. Relator contends respondent has no jurisdiction to proceed because relator's probation had terminated by the lapse of five years, or, alternatively, because his probation had been revoked and the imposition of a sentence was again suspended and he was again placed on probation. This court issued its preliminary order. It is now determined the preliminary order was improvidently issued and the same is quashed.

The following is a summary of the facts presented by the record. In Case No. 486–384–FX, relator was charged with second degree burglary. In Case No. 486–380–FX, he was charged with forgery. Each case has the same history. That history will be stated as if there were but one case. On October 31, 1986, relator appeared with counsel and entered a plea of guilty. The court suspended the imposition of sentence and placed relator on probation for five years. No special conditions were imposed. On February 4, 1988, a violation report was filed. On March 29, 1988, an attorney entered his appearance. On May 2, 1988, relator appeared with his attorney and admitted he violated his probation as set forth in the report. The docket entry shows the following disposition.

"5–2–88 Case called, State by P.A. Defendant Connett appears in person and with attorney G. Smith. Def. advised of right to evidentiary hearing. Defendant admits violation contained in report of Jan. 28, 1988. Court finds Def. Connett has violated probation by his admission. Defendant's probation is revoked and is placed on probation for a new 5 year term on the usual terms and conditions and the special conditions. (1) Def. complete his G.E.D. within 1 year. (2) Def. serve 15 days shock probation in Laclede County Jail and (3) Def. perform 50 hours community service and directed by probation officer. Imposition of sentence is suspended and defendant is committed to probation as previously entered."

The docket sheet reflects that relator served his "shock probation".

On August 16, 1989, a revocation hearing was set for September 25, 1989. A violation report was filed on September 21, 1989. On September 25, 1989, relator appeared and at his request the hearing was continued to October 11, 1989, to permit him to get an attorney. On October 3, 1989, a subpoena was issued. On October 11, 1989, an attorney entered his appearance for relator and requested a continuance. After two continuances to a day certain, the hearing was continued generally for the preparation of a transcript of the proceedings of May 2, 1988.

Additional violation reports were filed on October 20, 1989, December 19, 1990, and March 25, 1991. The following subsequent entries appear on the docket sheet.

"10–16–91 Based upon new violation report, probation stayed. Hearing set 10–24–91 at 9:00 a.m."

"10–24–91 Case cont. to 11–22–91 at 9:00 a.m. as (Connett) defendant had appointment w/an attorney on 10/25/91 w/regard to representation."

On November 27, 1991, a revocation hearing was called. Relator appeared with an attorney. Relator filed a "Motion to Discharge Defendant from Probation, or in the Alternative, Motion to Dismiss Probation Revocation Proceedings." A hearing upon that motion resulted in the following entry:

"11–27–91 Probation Revocation hearing called. Prosecuting Attorney appears; Defendant appears with attorney Muxlow. Court takes up motions with no evidentiary hearing except to use of court file and transcript of revocation hearing on 5/2/88. The 5/2/88 transcript does not reflect that Judge Franklin ever sentenced the defendant. It is inconsistent in that the transcript states that the court revoked the probation and put defendant on a new 5 year probation (p. 16) but no sentence was ever imposed. The transcript also reflects that the judge continued the SIS (p. 15). The court finds that since no sentence was imposed that the SIS had to have contin-

ued from 1988 until 10/24/91 when the court stayed the probation and rescheduled the revocation hearing to 11–22–91 at defendant's request so he could obtain an attorney. Since the 5 year probation term would have expired 10–31–91 the court stayed the Probation. Further the court finds that defendant was on supervised probation continuously from 10–31–86 until today. Defendant argues that the defendant was discharged as a matter of law on 10–31–91 as a result of *State v. Musick* [813 S.W.2d 75] (W.D. '91). Court overrules Motion to dismiss and Motion to discharge. Defendant indicates he wishes to obtain a writ. Case continued for disposition to 12–23–91. Court relieves Department of Probation and Parole of Supervision. Probation remains in suspension."

■ Relator contends the preliminary order should be made permanent upon the following bases:

"The trial court has lost jurisdiction to consider revoking Relator's probation in each of two pending criminal cases, because no formal revocation procedures were initiated prior to the normal expiration of Relator's probation, due process has not been followed, or, alternatively, Relator's probation was revoked on May 2, 1988, and the trial court cannot consider any alleged violations which occurred after that date."

Those were the contentions presented to the trial court. The disposition of those contentions is governed by statutes which neither relator nor the prosecutor, representing respondent, cites.

To support his principal contention, relator first cites that portion of § 559.036 which reads as follows:

"The court may extend the term of the probation, but no more than one extension of any probation may be ordered. Total time on probation including any extension shall not exceed the maximum term established in section 559.016." § 559.036.2

He then argues that the respondent had no authority by an order to "stay probation" and thereby extend the five-year period.

This may be conceded. See Annot., *Revocation of Probation—Term Expiration,* 13 A.L.R.4th 1240 (1982). By the same token, in placing relator on probation the second time the court could not extend the total time on probation for the same offense beyond five years from the initial grant of probation. § 559.036.2; *State ex rel. Light v. Sheffield,* 768 S.W.2d 590 (Mo. App.1989). Relator contends that a proceeding to revoke probation must have been initiated within that period of five years by a formal motion. He cites *State ex rel. Cochran v. Andrews,* 799 S.W.2d 919 (Mo.App.1990). That case does contain the following statement:

> "Before a court can revoke probation, a motion must be filed to invoke the court's jurisdiction to revoke probationer's probationary status. *Moore v. Stamps,* 507 S.W.2d 939, 950[13] (Mo. App.1974)." *Id.* at 922.

That statement must be considered in the context of the relevant issue. In that case, relator had appeared before a circuit judge who was generally supervising her probation. The issue was when was relator required to request a change of judge to be within the time limits of Rule 51.05 or Rule 32.07 and bar that circuit judge from conducting a revocation hearing.

The statutory procedure for the revocation of probation is outlined in § 559.036. The required procedure established by decision is extensively reviewed in *Abel v. Wyrick,* 574 S.W.2d 411 (Mo. banc 1978). The quoted statement may or may not be applicable in the context of other issues involved in revocation proceedings. Cf. *Christy v. State,* 780 S.W.2d 704 (Mo.App.1989); *Ryan v. Wyrick,* 518 S.W.2d 89 (Mo.App. 1974).

It is not necessary to further consider the quoted statement from *Cochran.* What action is required to be taken within the five-year period to maintain the power of the court to revoke probation is defined by statute.

> "The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, *provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period* and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period." § 559.036.6. (Emphasis added.)

In relator's cases under consideration, three reports of his violation of the conditions of his probation had been filed. On October 16, 1991, based upon a new violation report, the court set a hearing for October 24, 1991. On October 24, 1991, at relator's request, that hearing was continued to November 27, 1991, in order for him to obtain an attorney to represent him. By his petition in this Court, relator alleges "[o]n November 27, 1991, Relator, through counsel, filed a motion to discharge defendant from probation, or in the alternative, a motion to dismiss probation revocation proceeding." It is obvious that the court affirmatively manifested an intent to conduct a revocation hearing and that the relator was notified and requested a continuance within the five-year period. Cf. *United States v. Strada,* 503 F.2d 1081 (8th Cir. 1974). When that hearing was continued at relator's request, he cannot complain that it was not conducted prior to the expiration of the five-year period. The relator's principal contention has no merit.

■ Relator's alternative contention is that when, on May 2, 1988, the court revoked relator's probation and did not impose a sentence, his probation was terminated and he was discharged. He relies upon *State ex rel. Musick v. Dickerson,* 813 S.W.2d 75 (Mo.App.1991). That case holds that under current statutes a court may not by revocation and granting a second period of probation extend the total time on probation beyond five years. It does not hold that revocation is tantamount to the discharge of a defendant. Relator does not take into account the following statutory provision:

> "If the defendant violates a condition of probation at any time prior to the

expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and *impose any sentence available under section 557.011, RSMo.*" § 559.036.3. (Emphasis added.)

Nor does he consider that portion of § 557.-011 which reads as follows:

"Whenever any person has been found guilty of a felony or a misdemeanor the court shall make one or more of the following dispositions of the offender in any appropriate combination. The court may:

.     .     .     .     .

(3) Suspend the imposition of sentence, with or without placing the person on probation[.]" § 557.011.2(3).

In *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710 (Mo. banc 1977), the trial court revoked a defendant's probation and imposed a sentence upon him and suspended the execution thereof. Under § 549.101 RSMo 1969 (now repealed), the court held the revocation of defendant's probation did not discharge him but made him amenable to the suspension of a sentence and a second term of probation.

Section 559.036 does limit the total time on probation to five years. But, § 559.-036.3, upon revocation, expressly authorizes the court to "impose any sentence available under section 557.011, RSMo." That includes suspending the imposition of sentence and placing relator upon probation upon different conditions. In effect, the action of the trial court was to modify or enlarge the conditions of probation as authorized by § 559.036.3. Cf. *State ex rel. Light v. Sheffield*, supra. The relator's alternative contention has no merit. The preliminary order was improvidently issued and is quashed. The petition is dismissed.

SHRUM, P.J., and MONTGOMERY, J., concur.