

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE ex rel. AMY STRAUSER, | ) | |
| | ) | |
| Relator, | ) | |
| v. | ) | No. SC93340 |
| | ) | |
| THE HONORABLE SANDY MARTINEZ, | ) | |
| | ) | |
| Respondent. | ) | |

(consolidated with)

| | | |
|---|---|---|
| STATE ex rel. SHARON EDMONDS, | ) | |
| | ) | |
| Relator, | ) | |
| v. | ) | No. SC93345 |
| | ) | |
| THE HONORABLE SANDY MARTINEZ, | ) | |
| | ) | |
| Respondent. | ) | |

### ORIGINAL PROCEEDING IN PROHIBITION

*Opinion issued January 14, 2014*

Amy Strauser and Sharon Edmonds ("Defendants") each seek a writ of prohibition to prevent the trial court from holding probation revocation hearings after their probation terms ended. The Defendants argue in each case that the trial court did not have the authority to hold the revocation hearings because their probation terms had ended and the court did not make every reasonable effort to hold the hearings during their probation terms pursuant to section 559.036.8, RSMo Supp. 2012. Because they present identical

legal issues, the cases are consolidated for opinion.

In the separate underlying criminal actions, the Defendants each received a suspended imposition of sentence and were placed on five-year terms of probation with the condition they make either restitution payments or pay court costs. When each defendant failed to make the required payments, the trial court suspended probation and scheduled revocation hearings. Instead of issuing a ruling at the hearings, the court continued to conduct case reviews until after each defendant's probation term ended.

This Court makes its preliminary writs permanent because it finds that, in each case, the trial court did not have the authority to hold the revocation hearings after the Defendants' probation terms ended because it did not make every reasonable effort to hold the hearings during the probation terms pursuant to section 559.036.8.

**Procedural and Factual History**

On June 4, 2007, Amy Strauser pleaded guilty to one count of theft/stealing, a class C felony. The trial court suspended the imposition of sentence, placed her on probation for five years and ordered her to pay $8,398.78 in restitution. On August 22, the State filed a motion to revoke and suspend probation. While the basis for this motion is unclear from the docket entries, the parties agreed during oral arguments that it was due to her failure to make restitution payments.

The trial court held a hearing on the State's motion on September 10. At that time, the trial court passed the cause to October 1 and ordered Strauser to pay $100 each month toward her restitution. It passed the cause again until November and ordered Strauser to continue her restitution payments. She appeared in person in the trial court 26 more

times between November 2007 and September 12, 2011. For each appearance, the docket entries state that either a case review was held or the hearing was continued or rescheduled.

On September 12, the trial court suspended Strauser's probation and ordered her to continue making restitution payments. Strauser appeared five more times between September 2011 and March 5, 2012. Each appearance was again labeled as either a case review or a continuation of the hearing. On March 5, the trial court scheduled a probation violation hearing for April 2, 2012. However, the docket entry for April 2 is labeled as a case review, and the trial court passed the cause until May 7 and ordered Strauser to continue making restitution payments.

From May 7, 2012, through February 4, 2013, Strauser appeared 10 more times in the trial court for case reviews. On February 4, the trial court appointed a public defender and scheduled a probation violation hearing for March 4. Strauser appeared a total of 37 times between when the revocation hearing initially was scheduled and June 4, 2012, when her probation ended. She appeared eight times between June 4, 2012, and February 4, 2013. Strauser now seeks this writ of prohibition to prevent the trial court from holding a probation revocation hearing, arguing that the trial court is acting outside of its statutory authority because her probation ended on June 4, 2012.[1]

---

[1] Defendants argue that the trial court lacks jurisdiction to hold the revocation hearings. In *J.C.W. ex rel. Webb v. Wyciskalla*, this Court determined that there were only two types of jurisdiction in Missouri circuit courts: personal and subject matter. 275 S.W.3d 249, 254 (Mo. banc 2009). Defendants' claims are characterized more precisely as the trial court exceeded its statutory authority. *See State ex rel. Whittenhall v. Conklin*, 294 S.W.3d 106, 108 n.2 (Mo. App. 2009).

3

The facts in Sharon Edmonds' case are very similar. She pleaded guilty to two counts of manufacturing a controlled substance, a class B felony, and one count of possessing a controlled substance, a class C felony. On September 4, 2003, the trial court suspended the imposition of sentence, placed her on probation for five years and assessed court costs against her.

On July 21, 2008, the trial court suspended Edmonds' probation for failure to pay court costs. On September 4, 2008, the last day of her probation, the court held a probation violation hearing, ordered her to pay $55 per month. Between September 4, and January 7, 2013, the trial court continued the hearing and Edmonds appeared in court either in person or through counsel on 22 occasions. For each appearance, the docket entry is labeled as either a case review or a hearing to monitor payments.

On January 9, 2013, Edmonds filed a motion to discharge probation in the trial court. She argued that the court lost authority to revoke her probation because her probation term ended and the court did not make every reasonable effort to conduct the hearing while she was still on probation. The court overruled the motion. Edmonds now seeks this writ of prohibition.

**Jurisdiction and Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as

4

intended; or (3) where a party may suffer irreparable harm if relief is not granted. *State ex rel. Mo. Pub. Defender Comm'n v. Pratte*, 298 S.W.3d 870, 880 (Mo. banc 2009).

## Trial Court's Authority to Revoke Probation

At issue in these cases is whether the trial court made every reasonable effort to conduct hearings on pending probation revocation motions prior to the expiration of Defendants' probation so as to have the authority to conduct the hearings after their probation terms ended under section 559.036.8.

Section 559.036[2] governs the duration of probation terms and the power of a court to revoke a defendant's probation. A term of probation begins the day it is imposed. Section 559.036.1. If a defendant violates his or her probation, the court may revoke it. Sections 559.036.3, 559.036.5. But the court's authority to do so only extends through the duration of the probation term. Section 559.036.8. When the probation term ends, so does the court's authority to revoke probation. *State ex rel. Stimel v. White*, 373 S.W.3d 481, 484 (Mo. App. 2012).

Section 559.036.8 allows the court to extend this authority if certain conditions are met. It states:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of

---

[2] All references are to RSMo Supp. 2012. While section 559.036 has been amended multiple times since Defendants were placed on probation, the relevant statutory language has not changed. Before the amendments, the relevant language was in 559.036.6. *See* section 559.036.6, RSMo 2000. It is now in 559.036.8. *See* section 559.036.8, RSMo Supp. 2012.

5

the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

In effect, this section sets out two conditions under which a court may revoke probation after a probation term has ended. First, the court must have manifested its intent to conduct a revocation hearing during the probation term. Second, it must make every reasonable effort to notify the probationer and hold the hearing before the term ends. *See Stelljes v. State*, 72 S.W.3d 196, 200 (Mo. App. 2002). Unless the court meets both of these conditions, it cannot hold a revocation hearing after probation expires.[3] In the present cases, the trial court manifested its intent to conduct the revocation hearings before the Defendants' probation terms ended, and the Defendants were notified. At

---

[3] The State argues that the trial court also retains the authority to impose a sentence after a probation term ends by suspending the imposition of sentence, relying on *State ex rel. Connett v. Dickerson*, 833 S.W.2d 471 (Mo. App. 1992). This argument is misplaced. In *Connett*, the trial court revoked the defendant's first probation term and placed him on a second five-year probation term, but did not impose a sentence. *Id.* at 472. The court of appeals determined that because the trial court did not impose a new sentence on the defendant, it "in effect" continued his probation pursuant to section 559.036.3, as opposed to discharging the defendant from probation. *Id.* at 475. *Connett* is not instructive as the trial court in the present cases did not revoke the Defendants' probation. Nor does *Connett* stand for the proposition that a court may circumvent the requirements of section 559.036.8 by suspending the imposition of sentence.

Likewise, suspending probation without deciding whether probation should be revoked, as the trial court did in each of these cases, does not relieve a court from meeting both of the conditions provided by section 559.036.8. While a court may suspend probation upon a motion to revoke, the suspension cannot last indefinitely. *See* section 559.036.7; *Starry v. State*, 318 S.W.3d 780, 784-85 (Mo. App. 2010); *State ex rel. Limback v. Gum*, 895 S.W.2d 663, 665 (Mo. App. 1995). Rather, probation will remain suspended only *until the court rules on the revocation motion*. Section 559.036.7 (emphasis added). This section makes it incumbent on the court to rule on a pending revocation motion. Further, statutory provisions are not read in isolation, but are construed together. *See Bachtel v. Miller Cnty. Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003). When sections 559.036.7 and 559.036.8 are read together, it is clear that a court must rule on the revocation motion before the probation term ends unless it meets the two conditions outlined in the statute.

6

issue here is whether it made every reasonable effort to conduct the revocation hearings during the Defendants' probation terms.

## Application to Strauser and Edmonds

Strauser's five-year probation, which was imposed on June 4, 2007, ended on June 4, 2012. During this period, the trial court manifested its intent to conduct the revocation hearing by suspending her probation after the State filed a motion to revoke and scheduling a revocation hearing for September 10, 2007. *See State v. Roark*, 877 S.W.2d 678, 680 (Mo. App. 1994) (finding a manifestation of intent where trial court scheduled a revocation hearing for a date prior to the expiration of probation); *White*, 373 S.W.3d at 485 (noting that "the issuance of a warrant, the filing of a motion to revoke probation, [or] the scheduling of a revocation hearing" will suffice as a manifestation of intent).

Instead of ruling on the motion, however, the trial court continued the hearing 37 times in between when it scheduled the initial revocation hearing and when Stauser's probation ended. Strauser always appeared and made the required restitution payments. She also appeared eight more times for case reviews after her probation ended. Because the trial court could have ruled on the revocation motion on any of these numerous occasions, but chose not to, it did not make every reasonable effort to hold the hearing during her probation term to satisfy section 559.036.8.

Edmonds' case follows a very similar analysis. She was first placed on a five-year probation term on September 4, 2003, which ended on September 4, 2008. The trial court manifested its intent to hold a revocation hearing when it suspended her probation on July 21, 2008, and scheduled a revocation hearing for September 4, 2008. Even

though she appeared in court that day, the trial court did not issue a ruling. Instead, it held 23 continuations of the hearing or case reviews from September 4 until February 4, 2013. The trial court did not make every reasonable effort to conduct the revocation hearing during Edmonds' probation term because it had the opportunity to hold the hearing on September 4, 2008, but instead continued the case for more than four years after her probation ended.

Relying on *Petree v. State*, 190 S.W.3d 641 (Mo. App. 2009), the State argues that the Defendants are not entitled to relief because they did not show they were ready to proceed with the hearing during their probation. In *Petree*, like the instant cases, the defendant was placed on a five-year probation term. *Id.* at 642. Prior to the expiration of the probation term, the court held a revocation hearing, but Petree requested a continuance to obtain counsel. *Id.* The court continued the hearing until five months after the probation expired, at which time it revoked his probation. *Id.* On appeal, Petree argued the trial court did not make every reasonable effort to hold the hearing before his probation expired. *Id.* The court of appeals noted, however, that Petree himself asked for the continuance and that the lower court held the hearing as soon as his counsel entered an appearance. *Id.* at 643.

The instant cases are clearly distinguishable because the record does not indicate that either Strauser or Edmonds requested the continuances, nor was it their duty to ensure the trial court ruled on the pending revocation motions. Nothing in section 559.036.8 suggests that the defendant must prove he or she is ready to proceed. Rather,

8

the language clearly states that the "power of the court" to hold a revocation hearing only extends beyond a probation term if the two conditions listed in the statute are met.[4]

A more factually analogous case to the present cases is *State ex rel. Whittenhall v. Conklin*, 294 S.W.3d 106 (Mo. App. 2009). In that case, like in the instant cases, the defendant was placed on a five-year probation term with the condition he make restitution payments. *Id.* at 107. He failed to make all required payments and appeared at a revocation hearing one week prior to the end of his probation. *Id.* Instead of issuing a ruling, the trial court continued to reset the hearing date until approximately three years after the probation ended. *Id.* at 110. In reviewing the trial court's action, the court of appeals found that the trial court exceeded its authority to revoke the defendant's probation. *Id.* at 111.

Likewise in these cases, the trial court could have held the revocation hearings when Strauser and Edmonds appeared during their probation terms, but instead it continued the hearings until well after their probation terms expired. The trial court did

---

[4] Section 559.036.8 also does not require the Defendants to show prejudice, as the State contends they must. The State relies on *State ex rel. Carlton v. Haynes*, 552 S.W.2d 710, 714-15 (Mo. banc 1977), which states that a court does not lose authority to hold a probation revocation hearing after a probation term expired "unless the resulting delay was unreasonable and prejudicial to the petitioner." This argument is incorrect for two reasons. First, *Carlton* was decided before section 559.036 was in effect. Second, it conflates "unreasonable delay" and "every reasonable effort." If a defendant claims he was harmed by "an unreasonable delay" in holding a revocation hearing, then he would have to show he was prejudiced by that delay. *See Ewing v. Wyrick*, 535 S.W.2d 442 (Mo. banc 1976) (noting that, in a case in which the court held a revocation hearing within the defendant's probation term, "petitioner is not entitled to relief by reason of . . . any delay in holding the final [probation] revocation hearing unless he was prejudiced thereby."). At issue in the present cases, however, is not whether there were "unreasonable delays" in holding the revocation hearings, but whether the trial court made "every reasonable effort" to conduct the hearings before the Defendants' probation terms ended pursuant to section 559.036.8, and nothing in that statute suggests the Defendants must show they suffered prejudice.

not make every reasonable effort to conduct the revocation hearings during their probation terms. *See also State ex rel. Breeding v. Seay*, 244 S.W.3d 791 (Mo. App. 2008) (finding that the lower court did not make every reasonable effort to hold a probation revocation hearing when defendant appeared twice during his probation, but the court continued the hearing until one year after his probation ended).

## Conclusion

The trial court's actions here were understandable. The court was attempting to ensure the maximum restitution payments while avoiding imprisonment for the Defendants. Unfortunately, the statute does not permit that.[5] In each case, the trial court's failure to make every reasonable effort to rule on the pending probation revocation motion while the defendant was still on probation divested it of the authority to conduct revocation hearings beyond the five-year probation term. The preliminary writs of prohibition are made permanent.

_____
Mary R. Russell, Chief Justice

Breckenridge, Stith, Draper,
Wilson and Teitelman, JJ.,
concur; Fischer, J., concurs
in separate opinion filed.

---

[5] However, recent legislative changes to another statute, section 559.105, will give trial courts more flexibility in situations in which a defendant fails to make full restitution during the probation term. *See* 2013 Mo. Legis. Serv. 338 (West). Section 559.105.2 now provides that a probationer ordered to pay restitution shall not be released from probation until restitution is complete and "[i]f full restitution is not made within the original term of probation, the court shall order the maximum term of probation allowed for such offense." *Id.*



# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. AMY STRAUSER      )
                    )
          Relator,        )
                    )
v.                     )     No. SC93340
                    )
THE HONORABLE SANDY MARTINEZ,   )
                    )
          Respondent.    )

(Consolidated with)

STATE ex rel. SHARON EDMONDS,    )
                    )
          Relator,        )
                    )
v.                     )     No. SC93345
                    )
THE HONORABLE SANDY MARTINEZ,   )
                    )
          Respondent.    )

## CONCURRING OPINION

I concur in the principal opinion. The circuit court involved here would not have anticipated that the generosity it extended to Amy Strauser and Sharon Edmonds—in the form of granting them another chance to complete probation without a conviction on their record and without incarceration even after they failed to comply with the terms of their probation—would be "rewarded" with the court losing the legal authority to revoke

probation when these probationers once again violated the terms of their respective probation.

In light of the fact that § 559.036.8, RSMo Supp. 2012, requires that "every reasonable effort" be made to notify the probationer and to conduct the hearing prior to the expiration of the probationary period, future circuit courts in situations like those at issue here will undoubtedly—at a minimum—revoke probation, impose a sentence, and thereafter suspend the execution of the sentence so an additional term of probation can be ordered, resulting in a conviction on the probationer's criminal record. Alternatively, circuit courts faced with this dilemma will likely revoke probation, impose a sentence, and order the sentence to be executed.

This Court's authority to issue an extraordinary writ is always a matter of discretion, and a probationer who absconds near the end of a probationary term or otherwise contributes to the cause of the supervising court's failure to notify the probationer or conduct probation revocation proceedings prior to the expiration of the probation term should not necessarily expect this Court to view the situation to be so extraordinary as to justify the issuance of a writ of prohibition.[1]

Further, the legislature amended § 559.105, effective August 28, 2013, which will make it rarer for a similar case regarding failure to satisfy restitution as a condition of probation to result in the loss of legal authority to revoke probation. Section 559.105.2,

---

[1] The statutory requirement to use "every reasonable effort" to conduct a hearing within the term of probation, in my view, does not prevent a supervising court that has timely suspended probation pursuant to § 559.036.7 and manifested an intent to proceed with the revocation proceeding by issuing a warrant from conducting the revocation hearing whenever the probationer is returned to the supervising court for revocation proceedings.

2

RSMo Supp. 2013, provides that a probationer ordered to pay restitution shall not be released from probation until restitution is complete, and "[i]f full restitution is not made within the original term of probation, the court shall order the maximum term of probation allowed for such offense." However, as most sentencing courts already give the maximum five-year probation term when ordering a probationer to pay a significant amount of restitution, the 2013 amendment to section 559.105.3 likely will result in the more significant change in sentencing practice. Section 559.105.3 now provides for restitution to be a condition of parole and requires the board of probation and parole not to "release any person from any term of parole … until the person has completed such restitution, or until the maximum term of parole for such offense has been served." This amendment repeals the prior prohibition against requiring a prisoner both to serve a prison term and to pay restitution and, therefore, relieves sentencing courts from having to choose between a prison term and restitution—a choice that today's decision makes harder than ever. Instead, under the new section 559.105.3, anytime a sentencing court believes that a prison term is warranted—or does not believe that the defendant will make full restitution within the maximum five-year probation period—the court can remand the defendant to the department of corrections for a lengthy term and be assured that the defendant will be required to pay restitution during the portion of that term that the defendant is on parole. The fact that such an approach avoids the catch-22 created by today's decision, increases time to pay restitution while on parole, and reduces the circuit courts' already overburdened probation review dockets will make such an approach very difficult to resist.

In conclusion, as defendants' counsel in these cases admitted in oral argument, this Court's decision will operate to the distinct disadvantage of many future defendants. However, this Court is obligated to adhere to the words of the statute, and any adjustments to the balance struck by section 559.036.8 (as now declared by this Court) and the 2013 amendments to section 559.105 must be made by the General Assembly.

_____
Zel M. Fischer, Judge

4