

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI ex rel., | ) | |
| ERIC SCHMITT, | ) | |
| Relator, | ) | |
| | ) | |
| v. | ) | WD84772 |
| | ) | |
| THE HONORABLE KEVIN | ) | FILED: September 7, 2021 |
| HARRELL, CIRCUIT JUDGE OF | ) | |
| JACKSON COUNTY, | ) | |
| Respondent. | ) | |

### Original Proceeding on Petition for Writ of Prohibition

### Before Writ Division: Thomas N. Chapman, P.J., and
### Alok Ahuja and W. Douglas Thomson, JJ.

On September 1, 2021, Missouri Attorney General Eric Schmitt filed an Emergency Petition for Writ of Prohibition in this Court, naming Judge Kevin Harrell of the Circuit Court of Jackson County as Respondent. The Attorney General's petition asked this Court to prohibit Respondent from holding an evidentiary hearing on the morning of September 2 on the motion of the Jackson County Prosecutor to vacate the murder convictions of Kevin Strickland.

This Court entered an order on the afternoon of September 1, which directed Respondent to vacate the notice of the September 2 hearing, and consider the motions filed by the Attorney General to continue the hearing and for other relief. As permitted by Supreme Court Rule 84.24(k), this Court did not issue a formal opinion on September 1 due to the exigent circumstances. We now issue this opinion to explain the basis for the writ relief we granted on September 1.

## Factual Background

On March 2, 1979, Kevin Strickland was indicted in the Circuit Court of Jackson County for three counts of murder based on the shooting deaths of three individuals in Kansas City on April 25, 1978. Case No. 16CR79000361. Following a four-day trial, a jury found Strickland guilty of one count of capital murder, and two counts of second-degree murder. On June 29, 1979, the circuit court sentenced Strickland to life imprisonment without possibility of parole for fifty years for capital murder, and to ten years' imprisonment for each of the second-degree murder convictions. The sentences were ordered to run concurrently.

Strickland has been continuously incarcerated since his convictions in 1979.

At its most recent legislative session, the Missouri General Assembly enacted § 547.031, RSMo. *See* S.B. 53 & 60, 101st Gen. Assembly, 1st Reg. Session (2021). Section 547.031.1 permits a prosecuting or circuit attorney to "file a motion to vacate or set aside the judgment [of conviction] at any time if he or she has information that the convicted person may be innocent or may have been erroneously convicted."

Section 547.031, RSMo became effective on Saturday, August 28, 2021. On the same day, the elected Prosecutor of Jackson County, Jean Peters Baker, filed a Motion to Set Aside Strickland's murder convictions under the statute. The Prosecutor's Motion alleged that Strickland's convictions were based on a single eyewitness' mistaken identification, which the witness had subsequently recanted. The Prosecutor's Motion to Set Aside was docketed in Strickland's original criminal case.

The Attorney General's writ petition alleges that his office received notice of the Prosecutor's Motion on Monday, August 30. On the same day, the Attorney General filed two motions in the circuit court: a motion to transfer the Prosecutor's Motion to a new civil case; and a motion to recuse all judges of the 16th Judicial

2

Circuit from presiding over the Prosecutor's Motion, based on comments concerning Strickland's innocence attributed to the court's Presiding Judge.

Also on August 30, the Circuit Court set the Prosecutor's Motion for hearing three days later: on Thursday, September 2, 2021, at 8:30 a.m. The Court advised counsel that it would announce its ruling on the Motion at 10:30 a.m. on Friday, September 3.

On August 31, 2021, the Attorney General filed a third motion, to continue the September 2, 2021 hearing. The continuance motion alleged that the circuit court had set the Prosecutor's Motion for hearing before the Attorney General had received notice of the filing of the Motion. The Attorney General contended that his office required additional time to prepare for the hearing, including to investigate, conduct discovery, and subpoena witnesses.

Also on August 31, the Jackson County Prosecutor filed a Motion to Strike the Attorney General's filings, contending that the Attorney General was not a party to the proceeding, and therefore had no right to file motions with the court. The circuit court granted the Motion to Strike on the same day. The court concluded that § 547.031.2, RSMo only "gives the Attorney General the right to appear, question witnesses, and make arguments in a hearing on a motion to vacate or set aside the judgment," but that "[t]he statute does not confer on the Attorney General the right to file any motions or any rights outside of the hearing." Based on the court's order granting the Motion to Strike, the court refused to consider the Attorney General's motion for a continuance of the September 2, 2021 hearing.

Having failed to obtain relief from the circuit court, the Attorney General filed his Emergency Petition for Writ of Prohibition in this Court on September 1. We granted partial relief in an order entered on the afternoon of September 1. We ordered: that the circuit court vacate its notice of hearing for September 2; that the

3

court vacate its order striking the Attorney General's motions, and address those motions on the merits; and that the court reset the Prosecutor's Motion for hearing at a time which would permit all participants a reasonable opportunity to prepare, considering Strickland's substantial interest in a prompt disposition, and the participants' familiarity with the relevant factual and legal issues based on their involvement in prior litigation.

## Discussion

> This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, sec. 4.1. A writ of prohibition may issue to: (1) "prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction;" (2) "remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended;" or when (3) "a party may suffer irreparable harm if relief is not granted."

*State ex rel. Woodco, Inc. v. Phillips*, 603 S.W.3d 873, 875 (Mo. 2020) (quoting *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. 2014)).

As noted above, § 547.031.1, RSMo permits a prosecuting or circuit attorney to file a motion to set aside a criminal conviction "if he or she has information that the convicted person may be innocent or may have been erroneously convicted." The statute also specifies that, if such a motion is filed, "[t]he attorney general shall be given notice of hearing of such a motion by the circuit clerk and shall be permitted to appear, question witnesses, and make arguments in a hearing of such a motion." § 547.031.2, RSMo. In striking the Attorney General's motions in this case, the circuit court held that "[t]he statute does not confer on the Attorney General the right to file any motions or any rights outside of the hearing" itself. We disagree.

Section 547.031.2 expressly grants the Attorney General the right to participate in the hearing on the Prosecutor's Motion. A common-sense reading of the statute requires that the Attorney General be permitted to file motions relating

4

to his ability to meaningfully participate in that hearing.

> The purpose of statutory construction is to determine the intent of the legislature. In arriving at that intention, the objectives of the act are to be considered, and the construction must be reasonable and logical and give meaning to the statutes.

*State ex rel. Rhodes v. Crouch*, 621 S.W.2d 47, 49 (Mo. 1981) (citations omitted).

In *Rhodes*, the Missouri Supreme Court held that rural electric cooperatives had authority to enter private property to conduct surveys incident to the exercise of their statutory power of eminent domain. *Id.* at 48-49. The Court reached this result even though the relevant statutes did not expressly give cooperatives a right to conduct pre-condemnation surveys, but granted that right to other entities. *Id.* The Court reasoned that, "[i]n this context, it would make little sense that the legislature would grant the power of eminent domain to an entity and at the same time deny the entity the means required to use the grant." *Id.* at 49.

The same is true here. It would make little sense to permit the Attorney General to appear and participate in the hearing on the Prosecutor's Motion to Set Aside Strickland's convictions, yet deny the Attorney General the right to file motions which relate to the manner in which that hearing will be conducted (*e.g.*, on what schedule, and before what decisionmaker). Moreover, because § 547.031.2, RSMo grants the Attorney General the explicit authority to "appear" and "make arguments" at the hearing, the Attorney General would presumably be entitled to register objections to the manner in which the hearing is being conducted *at the hearing itself*. We fail to see why the Attorney General should be denied the right to file such motions *before the hearing commences*. Finally, the literal reading of the statute espoused by the Prosecutor would lead to absurd results. While § 547.031 may be silent concerning the Attorney General's right to file pre-hearing motions, the statute also gives <u>no one</u> the explicit authority to call witnesses at the evidentiary hearing. And, although the statute expressly authorizes the Attorney

5

General to "question witnesses," it does not by its terms give this right to the prosecuting or circuit attorney who filed the motion. The legislature plainly contemplated that the participants in the evidentiary hearing would be entitled to call witnesses, and that the prosecuting attorney, like the Attorney General, would have the authority to examine those witnesses. In like measure, we believe it necessarily follows that the Attorney General has the right to file motions relating to the conduct of the evidentiary hearing in which he is statutorily authorized to participate, and to have those motions decided on their merits. Our September 1 order accordingly directed the circuit court to decide the Attorney General's pending motions.

In our order, we also concluded that the circuit court had erred by setting the hearing on the Prosecutor's Motion for September 2, 2021, on only three business days' notice. Our order noted that § 547.031.3, RSMo requires that, in ruling on the Prosecutor's motion, "the court shall take into consideration the evidence presented at the original trial or plea; the evidence presented at any direct appeal or post-conviction proceedings, including state or federal habeas actions; and the information and evidence presented at the hearing on the motion." Our order stated:

> This Court appreciates the significant public interests involved in this proceeding, and the Circuit Court's efforts to resolve this proceeding swiftly. Nevertheless, in order to permit the Attorney General to meaningfully participate in the hearing, he must be given notice sufficient to allow his office a reasonable opportunity to prepare for the hearing, given the extensiveness of the relevant record, and the complexity and gravity of the issues involved. Scheduling a merits hearing on three days' notice, on a motion to vacate a conviction of multiple murders, fails to give the Attorney General a meaningful opportunity to prepare for, and participate in, the hearing.

We directed the court to consult with the participants, and to reset the matter for hearing at a time which would provide all participants a reasonable

6

opportunity to prepare. We advised the circuit court that, in resetting the hearing, it should consider Strickland's substantial interest in a prompt resolution, and the extent to which the participants were already familiar with the relevant factual and legal issues due to their involvement in prior related litigation or otherwise.

Section 547.031.2, RSMo expressly requires the circuit clerk to notify the Attorney General of any hearing on a prosecutor's motion to set aside a criminal conviction. It has long been recognized that the purpose of such notice "is to apprise the affected individual of, *and permit adequate preparation for*, an impending 'hearing.'" *Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 14 (1978) (emphasis added; footnote omitted). While the circuit court should seek to resolve motions filed under § 547.031, RSMo as promptly as possible, the court must also permit all hearing participants sufficient time to prepare.

_____
Alok Ahuja, Judge

All concur.