

# Missouri Court of Appeals

## Southern District

### Division Two

STATE OF MISSOURI EX REL. BRIAN )
GLENN FLETCHER, )
                                    )
      Relator, )
                                    )
v. )    No. SD37209
                                    )
THE HONORABLE DAVID COLE, )    **Filed: December 22, 2021**
                                    )
      Respondent. )

### ORIGINAL PROCEEDING IN PROHIBITION

### <u>PRELIMINARY WRIT IN PROHIBITION QUASHED</u>

Brian Glenn Fletcher ("Relator") filed a petition in prohibition to prevent the Honorable David Cole ("Respondent") from proceeding with a probation revocation hearing on the ground that Relator's probation had expired before his alleged violations occurred. Finding no merit in that claim, we quash our preliminary writ.

### Standard of Review

An appellate court can issue a writ of prohibition "to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended...." *State ex rel. Missouri Public Defender Commission v. Pratte,* 298 S.W.3d 870, 880 (Mo. banc 2009); *see State ex rel. Whittenhall v. Conklin,* 294 S.W.3d 106, 108 (Mo.App.2009). Thus, writ relief lies when a trial court lacks the authority to conduct a probation revocation hearing after the term of probation has expired. *See State ex rel. Stimel v. White,* 373 S.W.3d 481, 485 (Mo.App.2012). "Whether a trial court has exceeded its authority is a question of law, which an appellate court reviews independently of the trial court." *Pratte,* 298 S.W.3d at 881.

1

*State ex rel. Dotson v. Holden*, 416 S.W.3d 821, 823 (Mo. App. S.D. 2013).

## Analysis

In May 2013, Relator received a suspended imposition of sentence ("SIS") for the felony offense of failing to pay child support and was placed on a five-year term of probation ("SIS probation"). One year and three months later, on August 11, 2014, Relator's SIS was revoked for non-payment violations, and the trial court imposed a 4-year sentence, suspended the execution of that sentence, and placed Relator on a new five-year term of probation ("SES probation").

In July 2019, facing a motion to revoke his probation for substantial arrearages in his child support payments that could have resulted in the execution of his suspended sentence, Relator agreed to a 1-year extension of his SES probation. In December 2019, the sentencing court received a motion to revoke Relator's probation due to his alleged failure to pay child support from August through November 2019. Relator then filed his petition for this extraordinary writ.

Relator's sole point claims that

Respondent exceeded his authority and jurisdiction in acting on an untimely motion to revoke Relator's probation, because Respondent had no authority or jurisdiction to hear the matter, in that the State's motion to revoke probation was not filed until after Relator's probation expired and was based on conduct occurring after Relator's probation expired.

We disagree.

Section 559.016.1(1) authorizes the imposition of a one to five-year period of probation for a felony offense.[1] In addition,

[t]he court may extend a period of probation, however, no more than one extension of any probation may be ordered except that the court may extend the total time on probation by one additional year by order of the court if the

---

[1] Unless otherwise noted, all statutory citations are to RSMo 2016.

defendant admits he or she has violated the conditions of his or her probation or is found by the court to have violated the conditions of his or her probation. *Total time on any probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section plus one additional year if the defendant admits or the court finds that the defendant has violated the conditions of his or her probation*.

Section 559.016.3 (emphasis added). *See also* section 559.036.2, RSMo Cum. Supp. 2012[2] (stating that the total time on any probation term shall not exceed the maximum term established in section 559.016).

Relator argues that Respondent no longer has statutory authority to conduct a revocation hearing because Relator's probationary period expired, at the latest, on August 11, 2019 – five years from the date on which Relator was placed on SES probation.

Relator's argument is misplaced for several reasons, the first being that it fails to distinguish between a probationary period for a SIS and a probationary term that is granted after a sentence has been imposed.

> If an imposition of sentence is suspended, [the] defendant is placed on probation, that probation is subsequently revoked, a sentence not previously imposed is imposed, execution of that sentence is suspended, and a new term of probation is entered, the new probationary period entered is not an extension of the original probation. *See State ex rel. Light v. Sheffield,* 768 S.W.2d 590, 592–93 (Mo.App.1989); *State ex rel. Connett v. Dickerson,* 833 S.W.2d 471, 475 (Mo.App.1992). The court in *Light* distinguishes a suspended imposition of sentence from a suspended execution of an imposed sentence, stating "Suspension of imposition of sentence is an entirely different matter from imposing sentence and then suspending execution of it. In the first instance, the person has no criminal conviction, in the second, he does." 768 S.W.2d at 592.

**Roach v. State**, 64 S.W.3d 884, 887 (Mo. App. S.D. 2002).

Relator had no criminal conviction during the time that he was on SIS probation from the beginning of May 2013 through August 11, 2014, when his SIS probation was

---

[2] While section 559.036 has been amended multiple times since Relator was placed on probation, the statutory language regarding revocation has not changed.

revoked and the trial court imposed a 4-year sentence. When the trial court then suspended the execution of that sentence and placed Relator on a new five-year term of probation, that new SES probation period was *not* an extension of the original SIS probation. **Light**, 768 S.W.2d at 592-93.

Relator's argument also fails to recognize that the applicable statutes allow for a one-year extension of a five-year probation term for a felony.[3] "Section 559.016.3 is unambiguous that '[t]otal time on any probation term, including any extension, *shall not* exceed the maximum term as established in subsection 1 of this section [five years] plus one additional year.'" **Starry v. State**, 318 S.W.3d 780, 784 (Mo. App. W.D. 2010) (internal citation omitted). *See also* **State ex rel. Hillman v. Beger**, 566 S.W.3d 600, 604 n.6 (Mo. banc 2019) (explaining that SES probation is not an extension of SIS probation but rather "is an entirely new sentence" for which the maximum term of probation is five years, plus a one-year extension). If violations occur, the circuit court has power to revoke a defendant's probation throughout the duration of his term of probation. **State ex rel. Zimmerman v. Dolan**, 514 S.W.3d 603, 608 (Mo. banc 2017).

Once Relator was convicted and a sentence was imposed, his authorized probation term was limited to five years, plus one additional year in the event of violations. *See* sections 559.016.1(1) and 559.016.3. Relator's five-year SES term of probation began on August 11, 2014,[4] and it was later extended for one additional year based upon alleged

---

[3] Because Relator, charged with a felony offense, had not been convicted or sentenced when he was placed on SIS probation, the probation that followed should perhaps not be called a "felony" probation as Relator had not yet been convicted of a felony offense. Relator was not convicted of a felony until the trial court revoked Relator's SIS and imposed a four-year sentence on August 11, 2014.

[4] A term of probation begins on the day it is imposed. **Starry**, 318 S.W.3d at 782.

violations and Relator's consent to the 1-year extension.[5]  As a result, Relator's extended term of probation would have ended on August 11, 2020.

The conduct that Relator was alleged to have engaged in – failing to pay child support for the months of August, September, October, and November of 2019 – would constitute a violation of the terms of his probation and was alleged to have occurred during the six-year time period of Relator's extended probation, providing the necessary statutory authority to conduct a probation revocation hearing.  *See* **State ex rel. Griffith v. Precythe**, 574 S.W.3d 761, 764 (Mo. banc 2019) (circuit court has no authority to impose a third term of probation, but may extend the probationary term by one year, continue the second term of probation, or execute the sentence).

Relator's point is denied, and our preliminary writ of prohibition that prohibited Respondent from holding such a hearing is hereby quashed.


DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

GARY W. LYNCH, J. – CONCURS

---

[5] Relator argues that his second term of probation was unlawfully extended because he neither admitted to violating his probation, nor was found to have violated his probation, a prerequisite for a one-year extension under section 559.016.3.  The pertinent docket entry states:  "Court extends [Relator]'s probation for one year at his request [and] with his consent. [Relator] continued on probation by agreement. [Relator] ordered released from custody by agreement[.]"  It is well-established that a party may not invite error, then later complain to this court that the invitation was a bad one.  **In re Berg**, 342 S.W.3d 374, 384 (Mo. App. S.D. 2011).  Here, Relator's request for (and agreement to) the extension of his probation term by one year constituted an implicit admission that he had violated the terms of his probation.  Relator, knowing his financial situation and whether or not he had actually paid the child support at issue, could rationally have asked to be continued on probation, albeit for an additional year, rather than take the chance of having a hearing on the State's motion to revoke that could have resulted in the revocation of his probation and execution of his sentence.