**Curtis W. PETREE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 65746.**

Missouri Court of Appeals,
Western District.

May 9, 2006.

Irene C. Karns, Esq., Columbia, MO, for Appellant.

Shaun J. Mackelprang, Esq., Jefferson City, MO, for Respondent.

Before HOWARD, P.J., ELLIS and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Curtis Petree appeals from the denial of his Rule 24.035 motion to vacate his sentence upon a guilty plea. He contends the motion court clearly erred in rejecting his claim that the trial court lacked jurisdiction to revoke his probation after his probationary period had expired. For reasons explained herein, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

On May 28, 1997, Petree pled guilty to a charge of class C felony possession of a

controlled substance, Section 195.202,[1] class A misdemeanor of possession of drug paraphernalia, Sections 558.011.1(5) and 560.016, and class A misdemeanor of possession of a controlled substance, Sections 558.011.1(5) and 560.016. The circuit court suspended execution of sentence and placed Petree on probation for five years on the felony count and to five consecutive weekends in the Moniteau County Jail on the misdemeanor counts.

On March 29, 2002, after multiple probation violation reports, the Board of Probation and Parole recommended that Petree's probation be revoked. In a hearing on May 6, 2002, Petree was informed of additional alleged probation violations. He requested a continuance to obtain counsel, which the court granted. The next hearing was set for July 1, 2002, continued on the court's own motion and re-set for September 6, 2002. There is no record of anything happening on the September date, but on November 4, 2002, Petree appeared with his counsel. The court revoked his probation and ordered execution of the five-year prison sentence.

Petree filed a timely Rule 24.035[2] motion to vacate the prison sentence. In an amended motion, Petree alleged the trial court was without jurisdiction to revoke his probation and execute his sentence because his probationary period had expired on May 28, 2002.

The motion court entered Findings of Fact and Conclusions of law denying post-conviction relief. The motion court determined the delays in the revocation hearing were reasonable and had not prejudiced Petree. Petree appeals from the judgment denying his Rule 24.035 motion.

**STANDARD OF REVIEW**

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law are "clearly erroneous." Rule 24.035(k). Findings and conclusions are "clearly erroneous" when a review of the entire record leaves this court with the definite and firm impression that a mistake has been made. *Pope v. State,* 87 S.W.3d 425, 427 (Mo.App.2002).

**ANALYSIS**

■ In his sole point on appeal, Petree contends the motion court clearly erred in denying his claim that the trial court lacked jurisdiction to revoke his probation and execute a prison sentence, as his probation had already expired. He claims the court had not made every reasonable effort to conduct his revocation hearing prior to expiration of his probation. Based on this jurisdictional error, Petree seeks to vacate his five-year prison sentence.

A term of probation commences the day it is imposed. Section 559.036.1; *Wesbecher v. State,* 863 S.W.2d 2, 4 (Mo.App.1993). Petree's probation began on May 28, 1997 and would have expired on May 28, 2002.

■ A trial court retains jurisdiction to revoke probation after expiration of the term if (1) there is an affirmative manifestation of an intent to revoke probation prior to the expiration of the probationary period; and (2) if every reasonable effort is made to notify the probationer of the intent to revoke probation and to conduct a hearing prior to the expiration or probation. *Stelljes v. State,* 72 S.W.3d 196, 200 (Mo.App.2002). Petree concedes there were affirmative manifestations in that he

---

1. All statutory references are to Revised Statutes of Missouri (1999 Cum.Supp.) unless otherwise noted.

2. All rule citations are to Missouri Rules of Criminal Procedure (2006) unless otherwise noted.

was notified of the State's intent to revoke his probation prior to May 28, 2002.[3]

The first delay from May 6 to July 1 (which was after Petree's probation would have ended), was attributable to Petree's request for a continuance to obtain counsel. This would not be construed as an unreasonable delay. *State v. Roark*, 877 S.W.2d 678, 680 (Mo.App.1994). Petree contends, however, the next two delays—which were after his probation had expired—were accredited to the court and, under such circumstances, the continuances should not be considered making "every reasonable effort" to conduct the revocation hearing prior to the expiration.

The motion court found that after Petree requested a continuance to obtain counsel, his attorney "did not file an entry of appearance or otherwise appear upon the record until the hearing on November 4, 2002. There is no indication that the Defendant was prepared to proceed to hearing prior to November 4, 2002."

Petree contends this conclusion is erroneous because it is not supported by the record. Unfortunately, there is nothing in the record to indicate why the matter was continued. But, if the normal procedures of the court were followed and the matter was called on each of the Law Days scheduled by the court, it is not unreasonable to assume Petree and his attorney were not present, or, if present, not prepared to proceed when the matter was called.

 The burden is on Petree to show that the delays were unreasonable by showing he was prepared and ready to proceed prior to November 4, 2002. *Stelljes*, 72 S.W.3d at 203. He has failed to allege or demonstrate such readiness and has, therefore, failed to meet his burden.

The judgment of the motion court is affirmed.

All concur.

---

**3.** There were three manifestations: (1) on March 26, the trial judge set a hearing on the alleged probation violation for May 6, (2) on March 29, the prosecutor filed the motion to revoke, and (3) on May 6, Petree appeared, was advised of the alleged violations and granted a continuance to obtain counsel.