

# Missouri Court of Appeals

## Southern District

### Division One

MICHAEL A. TIMBERLAKE,    )
    )
      Appellant,    )
    )
    vs.    )    No. SD32580
    )    Filed: January 31, 2014
STATE OF MISSOURI,    )
    )
      Respondent.    )

### APPEAL FROM THE CIRCUIT COURT OF STONE COUNTY

#### Honorable Alan Blankenship, Associate Circuit Judge

**<u>REVERSED AND REMANDED WITH DIRECTIONS</u>.**

Michael A. Timberlake ("Timberlake") appeals the motion court's judgment overruling his motion for post-conviction relief asserting that the trial court[1] erred in revoking his probation because the revocation took place after his probation term had expired. We reverse the motion court.

---

[1] The same judge presided over the plea and sentencing hearing, the probation revocation hearing, and the post-conviction motion hearing. For clarity, the "trial court" refers to the sentencing and probation revocation court, and the "motion court" refers to the court rendering judgment on Timberlake's post-conviction motion.

**Facts and Procedural Background**

Timberlake was charged in the Circuit Court of Stone County with felony domestic assault in the second degree. On June 21, 2006, Timberlake entered a plea of guilty. As part of the plea agreement, the State agreed to recommend a five-year sentence, a suspended execution of sentence, and supervised probation. The trial court sentenced Timberlake to five years in the Missouri Department of Corrections ("DOC"), but suspended execution of sentence and placed Timberlake on supervised probation for five years.

On July 17, 2006, less than thirty days after sentencing, Timberlake's first probation violation report was filed. A "Notice of Violation of Probation, Notice of Date and Time and Hearing, [and] Disclosure of Evidence in General Terms" was filed on July 24, 2006, in accordance with the trial court's order to the prosecuting attorney. A hearing was held on September 12, 2006, attended by Timberlake and his attorney, and the trial court issued its order continuing Timberlake's probation provided Timberlake completed an anger management program and counseling. "Probation Violations" were also shown filed on January 4, 2007, September 24, 2007, and November 24, 2008.[2]

On May 6, 2011, two probation violation reports were shown filed. In response, on May 19, 2011, after reviewing the "Field Violation Report[s]," the trial court issued its order directing a capias warrant be issued with bond set at $10,000, and the prosecutor prepare and file a "Notice of Probation Violation for hearing on 07/13/11 at 1:00 p.m."

---

[2] 01/04/07    Notice of citation dated 12/27/06 filed. No hearing, court order, or docket entry regarding resolution.
  09/24/07    Notice of citation dated 9/18/07 filed. No hearing, court order, or docket entry regarding resolution.
  11/24/08    Probation Violation Report dated 11/13/08 filed. No hearing held. Court issued an order on December 11, 2008, that after reviewing the "Field Violation Report dated 11/19/08," and noting the recommendation of continuance, continued Timberlake on probation conditioned upon Timberlake "faithfully complying with all conditions recommended by the Board of Probation[.]"

2

On June 10, 2011, the prosecutor filed the "Notice of Violation of Probation[,] Notice of Date and Time and Hearing[,] [and] Disclosure of Evidence in General Terms" ("Notice") alleging Timberlake had violated six "conditions of [his] probation." The Notice also stated a hearing was set for July 13, 2011, at 1:00 p.m. in Stone County, and outlined the evidence which would be presented. On the same day, the trial court issued a "Writ of Habeas Corpus Ad Prosequendum" and sent it to the Stone County Sherriff for service on Timberlake at the Western Missouri Correctional Center, where he was incarcerated and serving time on a new unrelated conviction. Timberlake was served with the Notice on July 7, 2011.

On July 14, 2011,[3] a probation violation hearing was held. Timberlake and his counsel, Wendy Garrison ("Garrison"), personally appeared at the hearing. Garrison argued that the trial court's "docket entry" of May 19, 2011, "did not suspend" Timberlake's probation, which expired on June 21, 2011. She acknowledged that while the State had filed the Notice on June 21, 2011, and issued a "writ for me and my client to Stone County to address the probation violation[,]" her argument was that Timberlake's probation had already expired. Garrison also acknowledged receipt of the "notice of probation violation" and stated that Timberlake was prepared to "admit to violation of Condition No. 1 laws," as he was currently in the DOC serving a sentence for felony driving while revoked. Timberlake also admitted to the trial court that he had violated his probation. The trial court found Timberlake had violated his probation and entered its judgment revoking Timberlake's five-year stay of execution and probation, and sentenced Timberlake to five years in the DOC with credit for all time served while awaiting disposition of the probation violation.

---

[3] There is no explanation in the record as to why the hearing was held on July 14, 2011, instead of July 13, 2011, as noticed. However, on June 10, 2011, it is noted the State applied for and received a writ of prosequendum so that Timberlake could be transported from the Western Missouri Correction Center to Stone County for the revocation hearing.

3

On August 25, 2011, Timberlake timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035,[4] which was amended on February 14, 2012, after appointment of counsel. In his motion, Timberlake alleged the trial court lacked jurisdiction to revoke his probation on "July 16, [sic] 2011, as his probation had expired on June 21, 2011."

On July 19, 2012, the motion court held an evidentiary hearing. On January 27, 2013, the motion court issued "Findings of Fact, Conclusions of Law, and Judgment" overruling Timberlake's motion specifically finding:

> The law is well settled that there must be an affirmative manifestation of intent to conduct a revocation hearing prior to expiration of a person's probation for the trial court to have authority to conduct the same. In this case, and before the expiration of the probation period: violation reports were filed; an arrest warrant was issued related to the alleged violation; a Notice of Violation of Probation, Notice of Date and Time of [probation violation] Hearing, and a Writ to secure defendant's appearance from the Department of Corrections were filed. These circumstances are an affirmative manifestation of intent to conduct a revocation hearing before the expiration of defendant's probation.

(Alteration in original). This appeal followed.

In his sole point relied on, Timberlake claims the motion court erred in denying his post-conviction relief because the trial court had lost jurisdiction to revoke his probation in that it failed to suspend his probation; the trial court did not act to revoke before the probationary term expired; and that the Notice did not indicate a desire or intent to revoke Timberlake's probation so Timberlake was not put on notice that his probation would be revoked.[5]

---

[4] All rule references are to Missouri Court Rules (2013).

[5] Timberlake argues the trial court lacked jurisdiction to hold the revocation hearing and revoke his probation.

> In *J.C.W. ex rel. Webb v. Wyciskalla*, this Court determined that there were only two types of jurisdiction in Missouri circuit courts: personal and subject matter. 275 S.W.3d 249, 254 (Mo. banc 2009). [Timberlake's] claims are characterized more precisely as the trial court exceeded its statutory authority.

*State ex rel. Strauser v. Martinez*, ___ S.W.3d ___, at *2 n.1, 2014 WL 120624 (Mo. Jan. 14, 2014).

4

Here, Timberlake's probation had expired by the time the trial court revoked his probation. As such, the issue for our determination is whether the trial court manifested its intent to conduct a probation revocation hearing *and* made every reasonable effort to conduct the hearing prior to the expiration of Timberlake's probation "so as to have the authority to conduct the hearing[] after [the] probation term[] ended under section 599.036.8."[6] *State ex rel. Strauser v. Martinez*, ___ S.W.3d ___, at *2 n.1, 2014 WL 120624 (Mo. Jan. 14, 2014).

## Standard of Review

In reviewing a denial of a motion for post-conviction relief under Rule 24.035, this Court is limited to determining whether the motion court's findings and conclusions of law are clearly erroneous. *Stelljes v. State*, 72 S.W.3d 196, 200 (Mo.App. W.D. 2002); Rule 24.035(k). The motion court's findings and conclusions are presumptively valid and will be reversed only if this Court, after reviewing the complete record, is left with a "definite and firm impression that a mistake has been made." *Chrisman v. State*, 288 S.W.3d 812, 820 (Mo.App. S.D. 2009) (internal quotation and citation omitted).

## Analysis

Timberlake argues the "trial court did not have jurisdiction to revoke his probation" because his probation had expired. In *Strauser*, the Supreme Court of Missouri recently reviewed the conditions under which a trial court may revoke probation after a probation term has ended holding that:

---

[6] In *Strauser*, the Supreme Court of Missouri cited the 2012 version of section 559.036. However, in our case, the 2005 version applies because Timberlake's probation expired on June 21, 2011, and the probation violation hearing was on July 14, 2011. The applicable section in this case contains language identical to the applicable section in *Strauser*, the only difference being that the language is found in .6 of the 2005 version and in .8 in the 2012 version. For ease of reference, we cite section 559.036.8.

5

Section 559.036 governs the duration of probation terms and the power of a court to revoke a defendant's probation. A term of probation begins the day it is imposed. [§] 559.036.1. If a defendant violates his or her probation, the court may revoke it. [§§] 559.036.3, 559.036.5. But the court's authority to do so only extends through the duration of the probation term. [§] 559.036.8. When the probation term ends, so does the court's authority to revoke probation. *State ex rel. Stimel v. White*, 373 S.W.3d 481, 484 (Mo.App.2012).

Section 559.036.8 allows the court to extend this authority if certain conditions are met. It states:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

In effect, this section sets out two conditions under which a court may revoke probation after a probation term has ended. First, the court must have manifested its intent to conduct a revocation hearing during the probation term. Second, it must make every reasonable effort to notify the probationer and hold the hearing before the term ends. *See Stelljes v. State*, 72 S.W.3d 196, 200 (Mo.App.2002). Unless the court meets both of these conditions, it cannot hold a revocation hearing after probation expires.

*Strauser*, 2014 WL 120624, at *2-*3 (footnotes omitted).

In his point relied on, Timberlake argues that he was not given proper notice that his probation was going to be revoked prior to the expiration of his probation, and that the trial court did not make a reasonable effort to hold the probation revocation hearing prior to the expiration of his probation. We agree with Timberlake in that we find the record before this Court is silent as to any evidence that the trial court made a reasonable effort to hold the probation revocation hearing prior to the expiration of his probation.

Timberlake's five-year probation was imposed on June 21, 2006, and ended on June 21, 2011. § 559.036.1 ("A term of probation commences on the day it is imposed."). The trial court

6

revoked Timberlake's probation on July 14, 2011, twenty-three days after his probation period expired. Under section 559.036.8, the trial court could only extend its authority to revoke Timberlake's probation past June 21, 2011, if both conditions found in section 599.036.8 were met. After reviewing the complete record before this Court, we are left with a "definite and firm impression" that the trial court mistakenly proceeded to revoke Timberlake's probation after his five-year probation ended because the second condition was not met.

The record indicates the trial court met the first condition: manifesting its intent to conduct a revocation hearing during the probation term. Before Timberlake's probationary period expired on June 21, 2011, two Field Violation Reports were filed on May 6, 2011, and reviewed by the trial court on May 19, 2011. On the same day, the trial court manifested its intent to conduct the revocation hearing by issuing a capias warrant, scheduling a revocation hearing, and directing the prosecutor to file a notice of probation violation hearing prior to the expiration of Timberlake's probation.[7] By doing so, the trial court affirmatively manifested an intention to conduct a revocation hearing before the term of probation expired. In addition, the prosecuting attorney filed the court-ordered Notice of Violation of Probation, Notice of Date and

---

[7] This Court has previously explained:

> The cases reveal there is no clear cut, bright line rule as to what an affirmative manifestation of intent to conduct a revocation hearing entails. In *State ex rel. Connett v. Dickerson*, 833 S.W.2d 471, 474 (Mo.App.1992), the court held there was an affirmative manifestation to conduct a revocation hearing, where, well in advance of the expiration of the defendant's probationary period, three probation violation reports had been filed, the defendant had clearly been notified of the violation reports and requested a continuance, and a probation revocation hearing was then duly scheduled, albeit after the expiration of the defendant's probationary period. Likewise, in *State ex rel. Cline v. Wall*, 37 S.W.3d 877, 881–82 (Mo.App.2001), the reviewing court found that where the court held two probation violation hearings, which the probationer attended, set a third violation hearing, which the probationer did not attend, and issued a capias warrant all prior to the expiration of the probationary period there was a sufficient affirmative manifestation of intent to hold a revocation hearing. Additionally, in *Williams v. State*, 927 S.W.2d 903, 904–06 (Mo.App.1996), the court found there was sufficient manifestation of intent to hold a revocation hearing where the defendant's probation was suspended and a warrant issued for his arrest prior to the expiration of the probationary period.

*State ex rel. Stimel v. White*, 373 S.W.3d 481, 484-85 (Mo.App. S.D. 2012).

Time and Hearing, and Disclosure of Evidence in General Terms on June 10, 2011. *See Petree v. State*, 190 S.W.3d 641, 642-43 n.3 (Mo.App. W.D. 2006) (noting the following were manifestations of intent:  the trial judge set a hearing on the alleged probation violation, the prosecutor filed a motion to revoke, the defendant appeared and was advised of the alleged violations, and the trial judge granted a continuance).

However, the record does not reflect that the second required condition was met:  make "every reasonable effort to notify the probationer *and* hold the hearing before the term ends." *Strauser*, 2014 WL 120624, at *3 (emphasis added).  The record here does not document any effort by the trial court to conduct a hearing prior to the expiration of Timberlake's probation. The only record before this Court is that the trial court had two Field Violation Reports as early as May 6, 2011, and reviewed the reports and the recommendations contained therein on May 19, 2011.  Yet, the trial court set the probation violation hearing on July 13, 2011, (which was not actually held until July 14, 2011), without any explanation on the record as to why the hearing was not held before the June 21, 2011 expiration date.

In reaching this decision, we are mindful of crowded dockets trial courts must manage, and difficulties which may arise when defendants have to be located and/or transported to court. Unfortunately, on the record before us, there is no evidence of a "reasonable effort" to conduct the hearing within the term of probation.[8]  This is not a case where a hearing was scheduled prior to expiration of probation and then continued.[9]  *See Petree*, 190 S.W.3d at 642-43 (where the

---

[8] When Timberlake's attorney pointed out to the trial court at the July 14, 2011 hearing that Timberlake's probation had already expired, the trial court simply stated, "I think the Court believes that it's appropriate to go ahead and proceed with the probation violation hearing."  The trial court gave no basis on the record for the trial court's authority to proceed after the probation period expired.

[9] At the close of the probation revocation hearing, the State argued the hearings in other cases such as *Petree*, 190 S.W. 3d at 642, were five months after the probation expired, while "here we're just dealing with 23 days or so." However, the length of delay is not an issue.  *See infra*.  Rather, the issue is whether the two conditions were met which would extend the trial court's authority past the expiration of probation.

first hearing was scheduled before Petree's probation expired, but Petree requested a continuance to obtain counsel; the hearing was not held until five months after probation).  The only evidence on this record before us is that the trial court set the matter for hearing one time, and that one setting was after Timberlake's probation expired.  While the trial court's reason for setting the revocation hearing *after* Timberlake's probation had expired may have been appropriate, no evidence or any explanation is before this Court.[10]  Unfortunately, there is nothing in the record to indicate why the matter was set *after* Timberlake's probation expired.

The State also argues Timberlake "did not show that holding the hearing 23 days after the expiration of the probationary period was unreasonable."  However, this argument misstates the issue in light of the supreme court's finding in ***Strauser***, 2014 WL 120624, at *4 n.4.  The issue "is not whether there were 'unreasonable delays' in holding the revocation hearing[], but whether the trial court made 'every reasonable effort' to conduct the hearing[] before the . . . probation term[] ended pursuant to section 559.036.8[.]" ***Id.***  Under ***Strauser***, it was not Timberlake's duty to ensure the trial court ruled on a probation revocation prior to expiration, nor does the statute suggest Timberlake must show he suffered prejudice. ***Id.***  "Rather, the language [of section 559.036.8] clearly states that the 'power of the court' to hold a revocation hearing only extends beyond a probation term if the two conditions listed in the statute are met." ***Id.*** at *4.

After reviewing the complete record before this Court, we are left with a "definite and firm impression" that the motion court erred in denying Timberlake's post-conviction motion for relief because the record is silent that the trial court made every reasonable effort to conduct the hearing prior to the expiration of Timberlake's probation.  Since the trial court in this matter

---

[10] At the close of the probation revocation hearing, Timberlake's counsel argued that while Timberlake's incarceration in the Western Missouri Correction Center might have been problematic in setting the hearing prior to June 21, the July 13 hearing date was "clearly beyond the time frame in which the [trial c]ourt would have had jurisdiction to revoke."

failed to meet both required conditions in section 559.036.8, it lacked the authority to hold the revocation proceeding after Timberlake's probation expired. Therefore, the motion court erred in denying Timberlake's post-conviction motion for relief.

We reverse the finding of the motion court and remand with directions to vacate its order and judgment of January 27, 2013, and enter an order granting the motion for post-conviction relief and discharging Timberlake from probation, all consistent with this opinion.

WILLIAM W. FRANCIS, JR., C.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - Concurs

DANIEL E. SCOTT, J. - Concurs