

# In the Missouri Court of Appeals

## Eastern District

DIVISION THREE

| | | |
|---|---|---|
| BYRON ROBINSION, | ) | No. ED103627 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Hon. Thomas J. Frawley |
| STATE OF MISSOURI, | ) | |
| | ) | FILED: |
| Respondent. | ) | November 1, 2016 |

Byron Robinson appeals the judgment denying his Rule 24.035 motion without an evidentiary hearing because the sentencing court had jurisdiction to revoke his probation. We affirm.

Robinson pled guilty to receiving stolen property, a felony, and on April 29. 2010 he was placed on two years of supervised probation. The two-year probation period would have ended April 29, 2012. On October 6, 2011, upon being advised that Robinson violated the conditions of his probation, the court ordered probation suspended and issued a capias warrant on that date. Ultimately, the court did not revoke probation at that time, and probation continued on November 18, 2011.

On May 9, 2012, the court entered another order suspending probation based on another alleged probation violation and issued a warrant. On June 20, 2012, the court set a probation revocation hearing for July 13, 2012. On July 13, the hearing was continued by consent to July

27, 2012. On July 27, Robinson filed a motion to discharge, and again the probation revocation hearing was "continued/rescheduled." That motion alleged that the probation period had expired on April 29, 2012 and that the period did not "toll" during suspension thereof or while there was an outstanding warrant. On August 10, 2012, the court concluded that the probation period was tolled during the 42 days of suspension in 2011 (from October 6 when suspension was ordered to November 18 when probation was continued). Thus, the expiration date was June 10, 2012. Because the court had again suspended probation and begun revocation proceedings prior to that date, on May 9, it found it had jurisdiction to proceed with a revocation hearing, which it scheduled for September 14, 2012. Robinson sought a writ from this Court, asserting the trial court had no jurisdiction to proceed, which was denied. On September 14, the court held a hearing, probation was revoked, and Robinson was sentenced to seven years imprisonment.

Robinson filed a timely pro se Rule 24.035 motion, counsel was appointed, and a timely amended post-conviction motion was filed. The court denied the motion after oral argument, finding that an evidentiary hearing was unnecessary given that the only issue—whether the trial court had jurisdiction to revoke—was a legal question. It found and concluded that under Section 559.036.7, the court was authorized to suspend probation, that "suspension" tolled the probation period and that because it had affirmatively manifested its intent to conduct the revocation hearing prior to June 10, it had authority to revoke. This appeal follows.

We review the motion court's denial of a Rule 24.035 motion for post-conviction relief only to determine whether the findings and conclusions are clearly erroneous. Rule 24.035(k); Worthington v. State, 166 S.W.3d 566, 572 (Mo. banc 2005). A motion court's findings and conclusions are clearly erroneous only if, after a full review of the record, we are left with a definite and firm impression that a mistake has been made. Worthington, 166 S.W.3d at 572.

2

We find no clear error in the court's conclusion that under Section 559.036.7, suspension of probation tolled the probationary period. The statute clearly authorizes this result. It provides that a term of probation commences on the day it is imposed, which the court may terminate early or extend as long as the "total time on any probation term, including any extension shall not exceed the maximum term established in Section 559.016," currently, five years for a felony. See Sections 559.036.1 and 559.036.2. In 2005, this statute was amended to expressly authorize the court to suspend probation under certain circumstances:

> The prosecuting or circuit attorney may file a motion to revoke probation or at any time during the term of probation, the court may issue a notice to the probationer to appear to answer a charge of a violation, and the court may issue a warrant of arrest for the violation. Such notice shall be personally served upon the probationer. The warrant shall authorize the return of the probationer to the custody of the court or to any suitable detention facility designated by the court. Upon the filing of the prosecutor's or circuit attorney's motion or on the court's own motion, the court may immediately enter an order suspending the period of probation and may order a warrant for the defendant's arrest. The probation shall remain suspended until the court rules on the prosecutor's or circuit attorney's motion, or until the court otherwise orders the probation reinstated.

Section 559.036.7. The court also has the power to revoke probation after the probationary term has expired when it "is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period." Section 559.036.8.

"Suspend" means "to interrupt; postpone; defer." BLACK'S LAW DICTIONARY (10th ed. 2014). "Suspension" is "the act of temporarily delaying, interrupting or terminating something." Id. Thus, suspension under the statute must have the effect of stopping temporarily the running of the probation period. In other words, the probation period is "tolled" during suspension. See id. (defining "tolling" as "to stop the running of"). Thus, when the court enters an order "suspending

3

the period of probation," the running of the probationary period is tolled for however many days the period is suspended. To hold otherwise would render the language giving the court authority to suspend the probation period under Section 559.036.7 meaningless.

Robinson does not even acknowledge, much less discuss, the statutory language in Section 559.036.7, the meaning of "suspend" therein or its impact on the probationary period. Rather, he simply insists that tolling past the end of any probation term is not recognized under Missouri law and that the only authorized extensions are those expressly made under Section 559.036.2. In support, Robinson cites cases *prior* to the enactment of the relevant language now contained in Section 559.036.7 wherein the courts found there was no authority for tolling the probationary period. In State ex rel. Limback v. Gum, for instance, the court found there was no legal authority for tolling the probationary period during the time the defendant was subject to warrants for probation violations. 895 S.W.2d 663, 664-65 (Mo. App. W.D. 1995) (ultimately revoking probation two years after expiration of five-year probationary period); see also Saunders v. Bowersox, 179 S.W.3d 288 (Mo. App. S.D. 2005). As discussed above, the statute clearly provides that authority now.

We recognize that those cases and others since the enactment of Section 559.036.7 may stand for the proposition that, even if tolled, the probationary period cannot be extended indefinitely or even beyond the five-year statutory maximum. See Starry v. State, 318 S.W.3d 780, 784-85 (Mo. App. W.D. 2010); State ex rel. Strauser v. Martinez, 416 S.W.3d 801 (Mo. banc 2014); State ex rel. Dotson v. Holden, 416 S.W.3d 821, 825 n.2 (Mo. App. S.D. 2013) (noting that orders purporting to toll probation did not have effect of extending probation beyond statutory maximum period). But that proposition has no application here because Robinson's probation was revoked well within five years of its imposition.

4

We do, however, find that the Western District's interpretation of Section 559.036.7 in Starry supports our conclusion here. In concluding that there was no authority to allow revocation beyond the statutory maximum simply because a defendant has been subject to arrest warrants, the court distinguished the issuance of a warrant from an order suspending the probationary period:

> The language of [Section 559.036.7] on which the State relies provides that if the court is notified of a probation violation, "the court may immediately enter an order suspending the period of probation and may order a warrant for the defendant's arrest." The statutory language makes clear that "an order suspending the period of probation" is separate and distinct from "a warrant for the defendant's arrest." In 2006 the court issued various warrants for the defendant's arrest, but nothing in the record indicates that the court also entered an order suspending the period of Starry's probation. We reject the State's argument that, that under the 2005 amendment to Section 559.036.5, simply by issuing an arrest warrant that the court has effectively suspended the term of Starry's probation.

318 S.W.3d at 785 n.8. There, the State had argued that "each period for which there was a warrant out for a probation violation that probation was stayed and these periods are added to the end of the probation." Id. at 784. The distinction drawn between the arrest warrant and a suspension order suggests that had there also been a suspension order in place, that *would* have had the effect the State had argued for in that case: namely, that the period of time during which probation was suspended is added to the end of probation.

Because the probationary period in this case was expressly suspended by the court's order for 42 days, that time span was correctly added back on to the end of the period once suspension was lifted, making the expiration date June 10, 2012. The court also correctly found that it had affirmatively manifested its intent to revoke probation prior to that date by ordering suspension and issuing a warrant based on additional probation violations on May 9, 2012. In fact, ordering suspension again had the effect of tolling the probationary period. Moreover, the revocation hearing was held within a reasonable time after that order and within the statutory maximum probationary period. Notably, all the delays during those few months were attributable to

5

Robinson's actions of consenting to continuances or filing motions and writs.  Therefore, the court had jurisdiction to revoke in September of 2012, and it was not clear error to deny the post-conviction motion.

Point denied.  The judgment is affirmed.

ROBERT G. DOWD, JR., Judge

Angela Turner Quigless, P.J. and
Lisa S. Van Amburg, concur.