Carlos A. SUBER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104555

Missouri Court of Appeals,
Eastern District,
**DIVISION TWO.**

Filed: March 21, 2017

Gwenda R. Robinson, St. Louis, MO, For Plaintiff/Appellant.

Gregory L. Barnes, Jefferson City, MO, For Defendant/Respondent.

## OPINION

Colleen Dolan, Judge

### I. Introduction

Carlos A. Suber ("Movant") appeals the motion court's denial of his Rule 24.035 motion for post-conviction relief and request for an evidentiary hearing arguing the motion court was without jurisdiction to revoke his probation under § 559.036.8, because his probationary period had ended.[1] The motion court found that it had the authority to revoke Movant's probation because it had manifested an intent to do so during the term of Movant's probation, put Movant on notice of this intent, and made every reasonable effort to conduct the revocation hearing prior to the end of his probation. The court found that Movant had not shown he was entitled to relief, and had not pled unrefuted facts which if true would show he was entitled to relief, and denied his request for an evidentiary hearing. We affirm.

### II. Factual and Procedural Background

On January 14, 2010, Movant pleaded guilty to three counts of first-degree assault, two Class A felonies and one Class B felony, in violation of § 565.050.[2] The court sentenced him to three concurrent terms of ten years, then suspended the execution of the sentences and placed Movant on probation for five years. Movant was given 180 days to pay court costs from the date of his sentencing. On January 12, 2012, Movant's probation was suspended and a capias warrant was issued for his arrest following possible probation violations. On March 16, 2012, Movant waived his probation violation hearing and admitted to violating the law. The court continued Movant on probation. On November 7, 2012, Movant was confined on a probation officer's warrant based on Movant's violations of conditions of his probation.[3] No capias order suspending Movant's probation for these alleged violations was issued by the court. However, on November 13, 2012, the court set Movant's bond at $100,000.00 and scheduled a revocation hearing for January 23, 2012.

Between January 23, 2012 and June 10, 2015, Movant's probation revocation hearing was continued or re-scheduled at the request of the parties 12 times. This was based on the parties' mutual desire to resolve Movant's new charges prior to holding a revocation hearing. The majority of requests for continuances were "respectfully submitted" by Movant's counsel and Movant did not object when the continuances were requested by the State. These new charges were ultimately dropped when the State's key witness could not be located for trial. On June 10, 2015, the court held a probation revocation hearing and revoked Movant's probation on June 11, 2015, finding Movant violated three

---

1. § 559.036, RSMo Supp. 2013.

2. § 565.060, RSMo 2000.

3. These violations were committing a new offense, associating with a convicted felon, possessing ammunition, failure to pay court costs, and failure to pay intervention costs. The first three violations arose from Movant's arrest for allegedly fatally shooting two people in University City on October 29, 2012. Movant was charged with two counts of first-degree murder and armed criminal action.

conditions of his probation (association with a convicted felon, failure to pay court costs, and failure to pay intervention fees).[4] On July 2, 2015, Movant timely filed his *pro se* Rule 24.035 motion. Counsel was appointed on July 28, 2015, and given an additional 30 days to file an amended motion. The court clerk filed the guilty plea, sentencing, and probation revocation hearing transcripts on July 22, August 31, and October 29, 2015, respectively. On October 20, 2015, motion counsel timely filed an amended motion for post-conviction relief. Rule 24.035(g).[5]

On May 23, 2016, the motion court entered its order and judgment denying Movant's Rule 24.035 motion without an evidentiary hearing. The court found it had manifested an intent to conduct a probation revocation hearing and notified Movant of that intent. Although the court never formally suspended Movant's probation, the court stated that scheduling a revocation hearing prior to the expiration of Movant's probationary term put Movant on notice of the court's intent. Additionally, the court found it made every reasonable effort to hold the hearing before the probationary term ended, and the court would have held the hearing prior to the expiration of the probation term but for Movant's requests and/or consent to numerous continuances. On June 30, 2016, Movant filed a timely notice of appeal to this Court.

### III. Standard of Review

■■■ This Court reviews the denial of a Rule 24.035 motion using a "clearly erro-

neous" standard. *Routt v. State*, 493 S.W.3d 904, 910 (Mo. App. E.D. 2016); Rule 24.035(k). "Findings and conclusions are clearly erroneous if, after a review of the entire record, we are left with the definite and firm impression that a mistake has been made." *Routt*, 493 S.W.3d at 910. A movant is entitled to an evidentiary hearing only when: (1) the movant pleads facts, not conclusions, which if true would warrant relief; (2) the facts alleged are not refuted by the record; and (3) the matters at issue resulted in prejudice to the movant. *Id.*; *see also State v. Coates*, 939 S.W.2d 912, 914 (Mo. banc 1997). Furthermore, "[a] movant is not entitled to an evidentiary hearing if the motion and files of the case conclusively show [he] is not entitled to relief." *Routt*, 493 S.W.3d at 910–11 (citing Rule 24.035(h)); *see also Coates*, 939 S.W.2d at 914.

### IV. Discussion

■■■ Movant claims on appeal that the motion court clearly erred in denying his motion for post-conviction relief because the court lacked statutory authority to revoke his probation and execute the previously-imposed sentences. Movant alleges this is because the revocation occurred after his probation had expired. Movant claims that the court did not make every reasonable effort to conduct the revocation hearing within the probationary period as required by § 559.036.8.

The court's power to revoke a defendant's probation is governed by § 559.036, which states a term of probation begins

---

4. The court did not find that Movant violated the condition that he not break any laws or possess ammunition, although the State put on evidence of both.

5. "If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 24.035(g).

the day that it is imposed. § 559.036.1. *See also State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014). The court's authority to revoke a defendant's probation if he or she violates its terms generally only extends until the end of the probation term. § 559.036.8; *Strauser*, 416 S.W.3d at 801. However, § 559.036.8 permits a court to extend this authority under certain limited conditions.

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.

§ 559.036.8.

The Supreme Court of Missouri has held § 559.036.8 "sets out two conditions under which a court may revoke probation after a probation term has ended. First, the court must have manifested its intent to conduct a revocation hearing during the probation term. Second, it must make every reasonable effort to notify the probationer and hold the hearing before the term ends." *Strauser*, 416 S.W.3d at 801.

The motion court found it had affirmatively manifested its intent to conduct the hearing prior to the expiration of the probation term because it scheduled a revocation hearing following Movant's arrest on a probation officer's warrant.[6] Movant was confined on November 7, 2012, for alleged violations of his probation and a revocation hearing was scheduled for January 23, 2013, a little less than two years prior to the expiration of Movant's original probation term. This act is sufficient to demonstrate a manifested intent to revoke a defendant's probation. *Id.* at 802. (citing *State ex rel. Stimel v. White*, 373 S.W.3d 481, 485 (Mo. App. S.D. 2012)). The motion court additionally found that the scheduling of Movant's revocation hearing prior to the end of Movant's probation term was sufficient to put him on notice of the court's intent to conduct a revocation hearing. We agree with both of these findings, and thus we turn to the final requirement under § 559.036.8.

▮ Movant's original probationary term was imposed on January 14, 2010, and would have run until January 14, 2015. However, the court entered an order suspending Movant's probation from January 12, 2012 until March 16, 2012, for alleged probation violations prior to those giving rise to the second revocation hearing. This prior suspension added an additional 64 days to the original probation term. *See Robinson v. State*, No. ED103627, 509 S.W.3d 811, 814, 2016 WL 6440409 at *2, 2016 Mo. App. LEXIS 1094 at *5 (Mo. App. E.D. Nov. 1, 2016) (holding "the probation period is 'tolled' during suspension"). Thus, the actual end date of Movant's probation was March 19, 2015. Movant was arrested in November of 2012 for alleged violations of his probation and a revocation hearing was scheduled for January 23, 2013. Movant requested and/or consented to numerous continuances because it was his desire to resolve the new charges before his revocation hearing. The hearing was continued by consent of the parties: (1) to May 1, 2013;

---

**6.** The court did not suspend Movant's probation by entering a capias warrant following Movant's arrest on November 7, 2012 on the probation officer's warrant, or by separate order, but the court noted at the hearing and in its order and judgment that all the parties operated under the assumption that Movant's probation had been suspended.

(2) to July 18, 2013; (3) to December 12, 2013; (4) to March 6, 2014; (5) to May 15, 2014; (6) to July 28, 2014; (7) to September 18, 2014; (8) to December 4, 2014; (9) to February 5, 2015; (10) to April 2, 2015; (11) to July 23, 2015; (12) to June 10, 2015. It was re-scheduled a final time after the trial for Movant's pending charges could not go forward. The revocation hearing took place almost five months after the original probationary term would have ended, *but a little less than three months after the probationary term actually ended using the tolled period.*

In *Strauser*, the Supreme Court of Missouri analyzed two writs where the court revoked the relators' probation after the probation term had ended. 416 S.W.3d at 799. The Court specifically examined the cases under § 559.036.8 to determine whether the courts had made "every reasonable effort" to revoke the probation prior to the expiration of the period. *Id.* In the first case, Strauser was placed on probation from June 4, 2007 to June 4, 2012. *Id.* at 800.The lower court manifested an intent to conduct the revocation hearing by suspending her probation for failure to pay restitution prior to the end of the probation period. *Id.* at 802. The revocation hearing was scheduled for September 10, 2007, and continued 37 times between the initial hearing date and the end of the probationary term. *Id.* at 800. Strauser appeared every time and made restitution payments. *Id.* She appeared eight additional times for case reviews after her probation term ended. *Id.* The Supreme Court of Missouri ruled that the court could have ruled on the revocation motion at any of these hearings but chose not to and therefore did not make every reasonable effort to hold a hearing during the probation term. *Id.* at 802.

In a second case, consolidated with the first, Edmonds was placed on probation from September 4, 2003 to September 4, 2008. *Id.* at 800. The trial court suspended her probation for failure to pay costs on July 21, 2008, and scheduled a revocation hearing for September 4, 2008, the final day of her probation. *Id.* Edmonds appeared for the revocation hearing but the court did not issue a ruling; instead, the court continued the hearing 23 times from September 4, 2008 until February 4, 2013. *Id* at 802–03. The Supreme Court of Missouri held the trial court did not make every reasonable effort to conduct the revocation hearing during the probation term because the court had the opportunity to hold the hearing on September 4, 2008, but instead continued the case for more than *four years* after probation term ended. *Id.* at 803.

The Court goes on to distinguish the two cases before it from *Petree v. State. Id.* (citing *Petree v. State*, 190 S.W.3d 641, 642 (Mo. App. W.D. 2006)). In *Petree*, the defendant was placed on five years' probation, and prior to the expiration of the probation term, the court held a revocation hearing where defendant requested a continuance to obtain counsel. *Id.* In *Petree*, the lower court continued the hearing for five months after the probation expired and then revoked his probation. *Id.* The Western District noted the defendant himself asked for the continuance and the lower court held the hearing as soon as counsel entered an appearance. *Id.* The Western District held that the court made every reasonable effort to hold the hearing before the probation expired. *Id.* Accordingly, the Supreme Court of Missouri stated Strauser's and Edmonds's cases were "clearly distinguishable [from *Petree* ] because the record does not indicate that either Strauser or Edmonds requested the continuances, nor was it their duty to ensure the trial court ruled on the pending revocation motions." *Id.*

The present case is more factually analogous to *Petree*, because *Movant* requested or consented to the continuances of his revocation hearing until after his trial for murder and armed criminal action. 190 S.W.3d at 642–43. The motion court found it "took every reasonable measure to hold the revocation hearing, and had it not been for Movant's requests for numerous continuances, it would have held the hearing within the probationary period." Movant's consenting to or filing motions for continuances supports a finding that the motion court took every reasonable measure to hold a revocation hearing. *Robinson*, No. ED103627, 509 S.W.3d at 815, 2016 WL 6440409 at *3, 2016 Mo. App. Lexis 1094 at *9 ("Notably, all the delays during those few months were attributable to Robinson's actions of consenting to continuances or filing motions and writs.").

Furthermore, the motion court advanced the final revocation hearing date from July 23, 2015, to June 10, 2015, once it was settled that the trial for Movant's pending charges could not go forward. The motion court revoked Movant's probation after the probationary term expired for associating with a convicted felon in addition to failure to pay costs, unlike the probationers in *Strauser* whose probation was suspended and ultimately revoked solely for failure to pay restitution. *Strauser*, 416 S.W.3d at 799. We find the motion court made every reasonable effort to conduct the revocation hearing during the probation term, and would have conducted the hearing but for Movant's requests for and/or consent to numerous continuances. We hold the motion court retained authority to revoke Movant's probation by meeting the requirements of § 559.036.8.

## V. Conclusion

For the foregoing reasons, the judgment of the motion court is affirmed.

Sherri B. Sullivan, P.J., concurs.

Roy L. Richter, J., concurs.