Lisa White Hardwick, Judge
Steven Boswell seeks a writ of prohibition to prevent the Honorable Larry Dale Harmon ("Respondent") from taking any further action in his probation revocation proceeding other than to vacate the order revoking his probation. He asserts that Respondent exceeded his authority by failing to make every reasonable effort to conduct the revocation hearing prior to the expiration of the probation term. For reasons explained herein, the preliminary writ of prohibition is made permanent, and Respondent is directed to vacate the December 4, 2015 order revoking Boswell's probation and to vacate his sentences for the 2009 second-degree robbery and resisting arrest convictions in Clay County.
FACTUAL AND PROCEDURAL HISTORY
On October 8, 2009, Boswell pleaded guilty to one count of second-degree robbery and one count of resisting arrest in the Clay County Circuit Court. On December 2, 2009, the court entered a suspended imposition of sentence and placed Boswell on probation for five years. Hence, Boswell's probation was set to expire on December 2, 2014.
In February 2011, Boswell's probation officer filed a probation violation report alleging that Boswell failed to report to his probation officer before work and that he had stopped showing up to work. The probation officer declared Boswell to be a probation absconder and recommended "delayed action" as to his probation status. On February 18, 2011, Respondent entered an order suspending Boswell's probation. Respondent also issued a capias warrant. A probation status hearing that had been previously scheduled for March 14, 2011, was cancelled.
On April 5, 2011, Boswell was arrested in Jackson County on unrelated charges. While incarcerated in the Jackson County Detention Center awaiting trial on the 2011 charges, Boswell signed a waiver of the probation violation preliminary hearing on his 2009 case. On April 28, 2011, his probation officer filed a probation violation report with the Clay County Circuit Court recommending revocation of Boswell's probation for the 2009 case.
*554 On August 26, 2011, Boswell pleaded guilty to the 2011 charges and was sentenced to terms of seven years in prison on each of the three charges, to be served concurrently. He was transferred to the Missouri Department of Corrections. On September 9, 2011, Clay County lodged a detainer against Boswell, and on September 15, 2011, Clay County filed a second notice of detainer with the Department of Corrections.
One year later, on September 14, 2012, Boswell filed a pro se motion to quash the probation violation warrant and to continue his probation. No action was taken on this motion. On August 4, 2014, probation and parole filed a progress report with the court stating that Boswell was incarcerated at the South Central Correctional Center. The report also stated that Boswell would "complete supervision" on the 2009 case on December 1, 2014.
On August 5, 2015, Boswell's counsel filed a motion to discharge him from probation on the 2009 case. Respondent held a hearing on the motion and denied it on September 15, 2015. Upon the State's petition, Respondent entered a writ of habeas corpus ad prosequendum to secure Boswell's presence at a hearing on September 30, 2015, during which he was to answer to the probation violation charge on the 2009 case. Right before that hearing, Boswell filed a motion to reconsider the denial of his motion for discharge. Respondent held the hearing on September 30, 2015, but the docket entry does not indicate that the court made any rulings during that hearing. The court later held another hearing and, on October 30, 2015, denied Boswell's motion to reconsider and again denied Boswell's request to be discharged from probation on the 2009 case. On that same day, the court set a hearing to determine whether to revoke Boswell's probation on the 2009 case.
After continuing the probation revocation hearing once at Boswell's request and once at the State's request, the court held probation revocation hearings on November 25, 2015, and December 2, 2015. On December 4, 2015, the court entered its order revoking Boswell's probation. The court sentenced Boswell to six years in prison on the second-degree robbery charge and three years in prison on the resisting arrest charge, to be served consecutively.
Boswell subsequently filed a petition for writ of prohibition in this court, arguing that Respondent exceeded his authority by revoking probation over one year after the probation term had expired. This court issued a preliminary writ of prohibition commanding Respondent to take no further action in this matter other than to show cause why a permanent writ ordering him to vacate his December 4, 2015 order revoking Boswell's probation should not issue.
STANDARD OF REVIEW
We have jurisdiction to issue original remedial writs pursuant to article V, section 4 of the Missouri Constitution. A writ of prohibition is appropriately issued:
(1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.
State ex rel. Strauser v. Martinez , 416 S.W.3d 798, 801 (Mo. banc 2014). "Writ relief lies when the circuit court 'lacks the authority to conduct a probation revocation hearing after the term of probation has expired.' " State ex rel. Zimmerman v. Dolan , 514 S.W.3d 603, 607 (Mo. banc 2017) (quoting State ex rel. Amorine v. Parker , 490 S.W.3d 372, 374 (Mo. banc 2016)
*555 ).
ANALYSIS
Boswell contends Respondent exceeded his authority under Section 559.036.8[1] in conducting the probation revocation hearing over one year after the probation term had expired. Section 559.036 governs the duration of probation and the court's power to revoke it. Strauser , 416 S.W.3d at 801. A term of probation starts on the day it is imposed. § 559.036.1. If the probationer violates a condition of probation before the expiration of his probation term, the court may revoke it. § 559.036.5.[2] The court's power to revoke probation, however, "only extends through the duration of the probation term." Strauser , 416 S.W.3d at 801 (citing § 559.036.8). "When the probation term ends, so does the court's authority to revoke probation." Id.
Nevertheless, Section 559.036.8 allows the court to extend its authority to revoke probation past the expiration of the probation term if certain conditions are met. Id. Section 559.036.8 provides:
The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration, provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.
Thus, to revoke probation after the probation term has expired, the circuit court must meet two conditions. "First, the court must have manifested its intent to conduct a revocation hearing during the probation term." Strauser , 416 S.W.3d at 801. Affirmative manifestations of intent to conduct a revocation hearing include suspending probation, issuing a warrant, filing a motion to revoke probation, or scheduling a revocation hearing. Id. at 802. Second, the court "must make every reasonable effort to notify the probationer and hold the hearing before the term ends." Id. at 801. Both of these conditions must be met, otherwise, the court "cannot hold a revocation hearing after probation expires." Id.
Boswell's five-year probation, which was imposed on December 2, 2009, ended on December 2, 2014. During this period, Respondent suspended his probation, issued a capias warrant, and lodged a detainer against him. These acts manifested Respondent's intent to conduct a revocation hearing. Therefore, Respondent met the first statutory condition.
Respondent did not meet the second statutory condition, however, because the record does not establish that he made every reasonable effort to hold the probation revocation hearing prior to the expiration of Boswell's probation term. Despite receiving a progress report from probation and parole on August 4, 2014, stating that Boswell would "complete supervision" on the 2009 case on December 1, 2014, Respondent did not hold any hearings on the case until September 10, 2015, when he heard Boswell's motion to discharge him from probation. This was more than nine months after Boswell's probation term had *556 expired. Respondent then held two more hearings on Boswell's motion to reconsider the denial of his motion to discharge him from probation before finally setting the probation revocation for a hearing.
Respondent argues that he retained the authority to revoke past the expiration date because Respondent had suspended Boswell's probation on February 18, 2011, and never reinstated it. Section 559.036.7 allows the court to suspend probation and provides that probation "shall remain suspended until the court rules on the prosecutor's or circuit attorney's [revocation] motion, or until the court otherwise orders the probation reinstated." Applying this provision, cases in which probation was suspended for a specific number of days have found it appropriate to add that number on to the original probation term to calculate a new expiration date. See, e.g., Suber v. State , 516 S.W.3d 386, 389 (Mo. App. 2017). Respondent argues that Boswell's five-year probation term was tolled when the court suspended it on February 18, 2011 and, because probation was never reinstated, Boswell's probation term did not expire on December 2, 2014.
As the Court in Strauser noted, however, "suspending probation without deciding whether probation should be revoked, ... does not relieve a court from meeting both of the conditions provided by section 559.036.8." Id. at 801-02 n.3. The Court explained that, "[w]hile a court may suspend probation upon a motion to revoke, the suspension cannot last indefinitely." Id . Because Section 559.036.7 provides that probation may be suspended only until the court rules on the revocation motion, the Court found that this section "makes it incumbent on the court to rule on a pending revocation motion." Id. Moreover, the Court reasoned that, "[w]hen sections 559.036.7 and 559.036.8 are read together, it is clear that a court must rule on the revocation motion before the probation term ends unless it meets the two conditions outlined in the statute." Id. Thus, even though Respondent suspended Boswell's probation on February 18, 2011, and never reinstated it, the suspension could not last indefinitely. Respondent still had to rule on the revocation motion before December 2, 2014, unless Respondent met Section 559.036.8's two conditions. Id.
The record indicates that, while Respondent manifested his intent to conduct a revocation hearing, Respondent did not make every reasonable effort to conduct the revocation hearing before the expiration of the probation term as Section 559.036.8 requires. Accordingly, Respondent lacked the authority to conduct the revocation hearing beyond the five-year probation term.
CONCLUSION
The preliminary writ of prohibition is made permanent. Respondent is directed to vacate the December 4, 2015 order revoking Boswell's probation and to vacate his sentences for the 2009 second-degree robbery and resisting arrest convictions in Clay County.
All Concur.

All statutory references are to the Revised Statutes of Missouri 2016.

As Respondent notes in his brief, upon finding that a defendant violated the conditions of probation, Section 559.016.3 gives the court the power to enter an order extending the probation by an additional year. Respondent did not enter such an order in this case.