

# Missouri Court of Appeals

### Southern District

### Division Two

NICK E. JOHNSON,                    )
                                    )
    Movant-Appellant,           )
                                    )
v.                                  )    No. SD36948
                                    )
STATE OF MISSOURI,                  )    **Filed:  March 29, 2022**
                                    )
    Respondent-Respondent.      )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy

**<u>AFFIRMED</u>**

Nick E. Johnson ("Movant") pleaded guilty to first-degree burglary in 2012, but, for various reasons, he was not sentenced for that crime until 2018. Movant now appeals the denial of his Rule 24.035 motion seeking post-conviction relief.[1]

In four points, Movant claims the motion court clearly erred in denying his motion because:  (1) the delay in his sentencing resulted in fundamental unfairness to Movant as his bargained-for concurrent, ten-year sentence became a "*de facto* consecutive sentence"; (2) the motion court used an "incorrect" legal standard to evaluate that aspect of Movant's claim; and plea counsel rendered ineffective assistance of counsel ("IAC") by:  (3) "allowing" the delay in

---

[1] All rule references are to Missouri Court Rules (2018).

sentencing; and (4) failing to advise Movant that he could withdraw his guilty plea. Finding no merit in any of these claims, we affirm.

## Background and Procedural History

In 2012, pursuant to a written agreement, Movant pleaded guilty as a prior and persistent offender and was to receive a ten-year sentence that would run concurrently with any other sentences he might have. The State also agreed to dismiss a first-degree robbery charge as a part of the agreement.

Movant was in long-term drug treatment on another case at the time of his guilty plea. After he pleaded guilty in this case, Movant incurred other serious felony charges in another county, and he was incarcerated during most of the time period between his 2012 guilty plea and his sentencing hearing in 2018. The underlying premise of all of Movant's points is that the time lapse between his plea and sentencing resulted in his serving a *de facto* consecutive sentence rather than the concurrent sentence he was promised in his binding plea agreement. Movant offers no authority in support of that premise.

## Standard of Review and Governing Law

Our review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(k); *Suber v. State*, 516 S.W.3d 386, 388 (Mo. App. E.D. 2017) (internal citation omitted). . . . We defer to the motion court's credibility determinations. *Smith v. State*, 413 S.W.3d 709, 715 (Mo. App. E.D. 2013) (internal citation omitted). "After a guilty plea, our review is limited to a determination of whether the movant's plea was knowing and voluntary." *Arnold* [*v. State*], 509 S.W.3d [108,] 113 [(Mo. App. E.D. 2016)] (internal citation omitted).

*Goldberg v. State*, 635 S.W.3d 599, 603 (Mo. App. E.D. 2021).

In deciding whether Movant's guilty plea was entered knowingly, intelligently, and voluntarily, the motion court made the following findings:

> The plea record reflects that the plea was made voluntarily, knowingly, and intelligently under Missouri case law. [Movant] was apprised of the terms of the plea agreement in this case verbally during the plea colloquy. . . . [Movant] acknowledged the terms of the plea agreement . . . and acknowledged his signature at the bottom of the plea agreement . . . . He was apprised of his trial and appellate rights . . . . After he was so informed, he entered his guilty plea as to sole count of Burglary in the plea agreement. . . . Such plea was made voluntarily, knowingly, and intelligently, and any statement by [M]ovant now to the contrary is directly contradicted by the plea record.

## Analysis

Movant's points are:

1. [W]here the plea court and [the State] failed to bring [Movant] to sentencing until six years after pleading guilty per a plea agreement for a ten-year sentence "concurrent to any other sentence," and where [the State] failed to secure [Movant]'s appearance for sentencing via writ until 2018, despite his being in [S]tate custody for at least the prior five years, [Movant] received a *de facto* consecutive sentence in breach of the plea agreement and [the State] failed to prosecute [Movant]'s case with due diligence such as to violate fundamental fairness. Alternatively, the plea court's and [the State]'s breach of the express terms of the plea agreement for concurrent prison time entitle [Movant] to rescind the agreement and he must be given the opportunity to withdraw his guilty plea.

2. [P]lea counsel failed to do anything to effectuate [Movant]'s sentencing hearing for at least four years despite knowing [Movant] was in state custody and despite knowing that [Movant] had pleaded guilty in 2012 pursuant to an agreement for a sentence "concurrent to any other sentence," plea counsel rendered constitutionally deficient performance; [Movant] was prejudiced by plea counsel's deficient performance by receiving a *de facto* consecutive prison sentence in contravention of the express terms of the plea agreement.

3. [P]lea counsel's failure to advise [Movant that] he could withdraw his 2012 guilty plea predicated on concurrent prison time prior to being sentenced in 2018 on the affirmative misapprehension that [Movant] would receive credit for time imprisoned on other unrelated offenses during the six-year interim between guilty plea and sentencing was

3

constitutionally deficient performance; [Movant] was prejudiced by plea counsel's deficient performance by losing the parties' agreed term of concurrent prison time and instead receiving and serving a *de facto* consecutive sentence. [Movant]'s guilty plea was accordingly made unknowingly, involuntarily, and unintelligently. Alternatively, but for the prejudice from plea counsel's ineffective assistance at sentencing, there was a reasonable probability [Movant]'s sentencing was influence[d] by [plea] counsel's performance, and his sentence should be vacated.

4. The [motion] court clearly erred in denying claim 8(a) of [Movant]'s amended motion that he was denied due process in a delay of nearly six years between his guilty plea and sentencing in derogation of his right to due process of law under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that, where the motion court analyzed claim 8(a) under an incorrect legal standard, such was reversible error.

In reviewing Movant's points, it is clear that none of them claim that Movant's guilty plea was not knowing and voluntary when he entered it in 2012. Instead, they complain about unforeseeable future actions taken (or not taken) by plea counsel, the plea court, and/or the State in "allowing" the extended time period that elapsed between his guilty plea and sentencing hearing to occur.

Movant's third point arguably raises a cognizable claim to the extent that it relates to plea counsel's conduct at the sentencing hearing. IAC related to a sentencing hearing is only cognizable in a Rule 24.035 motion if it alleges that the movant's sentence was influenced by the IAC. ***Dowell v. State***, 615 S.W.3d 123, 127 (Mo. App. W.D. 2021).

Specifically, Point 3 claims that plea counsel failed to advise Movant that he could withdraw his guilty plea. Movant's point fails for several reasons, the first of which is that although he could have *asked* the plea court to allow him to withdraw his guilty plea (he did not), Movant was not *entitled* to withdraw it as a

4

matter of right. **State v. Knox**, 553 S.W.3d 386, 393 (Mo. App. W.D. 2018). Further, based upon what took place during the sentencing hearing and the testimony presented at the motion hearing, the motion court did not believe that Movant wanted to set aside his guilty plea. That credibility determination is exclusively within the province of the motion court. **Goldberg**, 635 S.W.3d at 603.

The motion court's finding that Movant's guilty plea was entered knowingly, intelligently, and voluntarily was based upon the correct legal standard and is fully supported by the record on appeal.[2] Movant's points are denied, and the motion court's denial of post-conviction relief is affirmed.[3]

DON E. BURRELL, J. – OPINION AUTHOR

MARY W. SHEFFIELD, P.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS

---

[2] Before accepting his guilty plea, the plea court established that Movant was not under the influence of medication, alcohol, or drugs, and he had no difficulty reading, writing, or understanding the English language. Movant advised the plea court that he had read the plea agreement, discussed both his case and the plea agreement with his attorney, and intended to enter a plea of guilty. Movant said he was satisfied with his attorney's services. Movant agreed with the State's recitation of the facts of the crime, and he confirmed that no one had promised him anything other than the plea agreement in order to get him to plead guilty.

[3] We also note that Movant's claims suffer from another fatal defect in that, while Movant argues that he was prejudiced by the delay in sentencing, none of his points claim that he would not have pleaded guilty and would have insisted on going to trial if he knew that he would not have received his sentence until six years after he had entered his plea. *See* **Wallar v. State**, 403 S.W.3d 698, 708-09 (Mo. App. W.D. 2013) (a claim for relief under Rule 24.035 requires a showing that the movant would not have pleaded guilty but would have insisted on going to trial).