

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.      )      *Opinion issued July 28, 2020*
WOODCO, INC.,      )
     )
     Relator,      )
     )
v.      )      No. SC98227
     )
THE HONORABLE JENNIFER      )
PHILLIPS,      )
     )
     Respondent.      )

## ORIGINAL PROCEEDING IN PROHIBITION

Woodco Inc. seeks a writ of prohibition prohibiting the circuit court from ordering certain defendants to be joined as "necessary" parties. Because Rule 52.04(a) does not mandate the added defendants be joined, the circuit court's action in sustaining motions seeking their joinder constituted an abuse of discretion, and the circuit court did not have the authority to require joinder. This Court makes permanent its preliminary writ of prohibition.

## Background

This case concerns contracts among multiple parties involved in the design and construction of the Gardens at Jackson Creek ("Project"), an independent senior living

facility. The owner of the Project contracted with Williams Spurgeon Kuhl & Freshnock Architects ("architect"). The architect entered into a contract with Bob D. Campbell & Co. ("structural engineer"). The owner of the Project also entered into a contract with Woodco to serve as the general contractor for construction of the Project. As the general contractor, Woodco then entered into various contracts, including one with Haren & Laughlin Construction Co. Inc. ("construction company") to provide quality control for the Project and another with RCC Framing, LLC ("framer") to perform framing and to install windows, which were provided by Associated Materials LLC d/b/a Alside Supply Center ("supplier"). Woodco also contracted with BSP Masonry LLC ("masonry company") to perform brick masonry work.

After deficiencies in the construction of the Project emerged, Woodco and the owner of the Project entered into a settlement agreement in which the owner of the Project assigned to Woodco any and all rights, claims, and interest against third parties arising from or relating to the Project's defects. Woodco filed a lawsuit, asserting contract and tort claims, against the architect, the structural engineer, the construction company, the framer, and the supplier. Although the suit involved allegations of construction defects, the masonry company was not included as a defendant.

The structural engineer, the construction company, and the architect (collectively, "Movants") filed motions to add the masonry company, as well as its managers, Moses Davila and Elisa Judith Saenz (collectively, "masonry company"), arguing the masonry company must be added pursuant to Rule 52.04. Woodco opposed these motions. Aside from the general allegation that the masonry company was partially responsible for the

2

construction defects, the Movants specifically argued the defendants, in particular the construction company, were sued on claims derivative of the masonry company's failure to perform its contractual obligations to Woodco. The circuit court ordered the masonry company be joined.

Woodco filed a petition for a writ of prohibition or, in the alternative, a writ of mandamus in the court of appeals, seeking to direct the circuit court to dismiss and remove the masonry company. The court of appeals denied the petition. After a petition for a writ of prohibition or, in the alternative, a writ of mandamus was filed with this Court, a preliminary writ of prohibition was issued. Woodco now seeks a permanent writ.

### Jurisdiction and Standard of Review

This Court has the authority to issue and determine original remedial writs. Mo. Const. art. V, sec. 4.1. A writ of prohibition may issue to: (1) "prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction;" (2) "remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended;" or when (3) "a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014).

### Analysis

This case requires a determination of whether the circuit court improperly joined the masonry company. Woodco argues the masonry company was improperly joined under Rule 52.04(a) because (1) the masonry company was not a party to any of the contracts upon which Woodco was suing and (2) the masonry company's joinder was not

3

required to resolve any of the tort claims in the action because the masonry company was, at best, a joint tortfeasor.[1]

The parties agree the issue before this Court is whether the masonry company must be joined if feasible; in other words, the analysis here is limited to Rule 52.04(a). Rule 52.04 governs the joinder of persons needed for a just adjudication. Rule 52.04(a), which outlines when persons are to be joined if feasible, is comprised of two prongs. The first prong requires joinder on the basis that complete relief should result from the action. Rule 52.04(a)(1). The second prong requires joinder in circumstances when either the absent party's interest would be prejudiced or when those before the court would be subject to an inconsistent obligation due to the absent party's claimed interest. Rule 52.04(a)(2). If either prong of Rule 52.04(a) has been satisfied, courts have traditionally labeled such party "necessary." *See, e.g.*, *State ex rel. Twenty-Second Jud. Cir. v. Jones*, 823 S.W.2d 471, 475 (Mo. banc 1992).

### I.     *The Masonry Company Is Not Required to Accord Complete Relief*

The construction company argues that, without the masonry company, it cannot be accorded complete relief. This argument implicates Rule 52.04(a)(1). Rule 52.04(a)(1) requires joinder when "in the person's absence complete relief cannot be accorded among those already parties."

---

[1] If Woodco's argument – that the criteria set forth in Rule 52.04(a) have not been met – is correct, the order sustaining the motion to add the masonry company would constitute an abuse of discretion, and the circuit court would lack the authority to order the masonry company be made a party. A writ of prohibition is appropriate when a party joined pursuant to Rule 52.04 is not needed for just adjudication.

4

Joinder of the masonry company is not required for the asserted contract claims. In *Bunting v. McDonnell Aircraft Corp.*, this Court reaffirmed the rule that, in a suit on a contract by one of the parties to that contract, the only defendants required are (1) "the other parties to the contract sued on" and (2) "those who have an interest in the dispute which will be affected by the action." 522 S.W.2d 161, 169 (Mo. banc 1975). That "interest in the dispute" must be "such a direct claim upon the subject matter of the action that the [absent party] will either gain or lose by direct operation of the judgment to be rendered." *Id.* The masonry company is not a party to any of the contracts upon which Woodco is suing. Although resolution of the contractual disputes among Woodco and the existing defendants may concern work performed by the masonry company and reference to the contract between Woodco and the masonry company, the masonry company will be left unaffected by the outcome, and the discrete contract claims among Woodco and the existing defendants can be resolved.

Joinder of the masonry company is also not required for the asserted tort claims. Assuming the masonry company is a joint tortfeasor, its liability to Woodco is insufficient to require its presence in the action. *See, e.g.*, *Temple v. Synthes Corp.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit."); *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 439-40 (Mo. banc 2002) ("Joint or concurrent tort-feasors are severally, as well as jointly, answerable to the injured party for the full amount of the injuries. The injured party may sue all or any of the joint or concurrent tort-feasors and obtain a judgment against all or any of them."). Woodco's tort claims against particular

5

defendants does not require the assertion of claims against the masonry company, even though the masonry company may be responsible for some of the damages. Complete relief can be accorded among the existing parties. Even assuming Woodco's claims against the construction company are derivative of work performed by the masonry company, the masonry company is not required as a party to make a full determination of Woodco's asserted contract or tort claims.

## II. The Masonry Company's Absence Would Not Result in Inconsistent Obligations to Existing Parties

The construction company argues it would be exposed to inconsistent obligations without the joinder of the masonry company. Rule 52.04(a)(2)(ii) requires joinder when

> the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may . . . leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

The construction company proposes that a verdict that holds it responsible for the masonry company's alleged negligence would result in an inconsistent obligation, reasoning a verdict against it would likely encompass damages attributable to the masonry company. As related to the asserted contract claims, the construction company does not put forth a colorable theory to support its notion that a nonparty to a contract would be required to prevent an inconsistent obligation on a breach of contract claim between two parties to a contract. As to the tort claims, if a successive action could occur to allow a party to seek contribution against a nonparty in the first action, a court should not consider the possibility of this subsequent action to require the presence of that

6

nonparty in the initial lawsuit. A contrary position would violate the long-held rule that a plaintiff need not sue all joint tortfeasors. *See Gramex Corp.*, 89 S.W.3d at 439-40.[2] There is no risk of inconsistent obligations.

Although third-party practice may not be a desired alternative for the existing defendants, it is the option available if they desire the presence of the masonry company in the current action because of alleged shared fault.[3] Rule 52.11(a), governing when a defendant may bring in a third party, provides:

> At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party.

The construction company posits that Woodco's resistance to joinder of the masonry company through Rule 52.04 results in Woodco being shielded from its own negligence and puts forth argument grounded in equity requesting that the defendants not be required to join the masonry company through third-party practice, especially given the likelihood the masonry company is judgment-proof. Because the claims asserted by Woodco do not require the masonry company be joined under Rule 52.04(a) and an equitable analysis is not part of determining when a person is to be joined if feasible,[4] the construction

---

[2] A potentially judgment-proof nonparty does not result in a different analysis.

[3] And without joining the masonry company, the defendants have the option of arguing the masonry company is the negligent party. *See Oldaker v. Peters*, 817 S.W.2d 245, 252 (Mo. banc 1991) (noting a defendant is free to introduce evidence that a nonparty is responsible instead of the defendant).

[4] *Compare* Rule 52.04(a) (containing the two prongs requiring joinder if feasible) *with* Rule 52.04(b) (requiring a court to "determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed" if a party described in Rule 52.04(a) cannot be made a party).

company's argument fails.

## Conclusion

Because Rule 52.04(a) does not mandate the masonry company be joined, the circuit court's action in sustaining motions seeking its joinder constituted an abuse of discretion, and the circuit court did not have the authority to require joinder. This Court makes permanent its preliminary writ of prohibition.

_____
Mary R. Russell, Judge

Draper, C.J., Wilson, Breckenridge, Stith,
Fischer, JJ., and Francis, Sp.J., concur.

Powell, J., not participating.

8